UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | |
| | ) | CRIMINAL ACTION |
| | ) | NO. 19-40025-TSH |
| | ) | |
| JUAN RODRIGUEZ, | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**
**October 7, 2019**

**HILLMAN, D.J.**

**Background**

Juan Rodriguez ("Rodriguez" or "Defendant") has been charged with conspiracy to distribute and possession with intent to distribute cocaine, in violation of 21 U.S.C. §846 (Count One). Rodriguez was arrested in Hawaii on a related criminal complaint and the Government moved to detain him pursuant to 18 U.S.C. §§3142(f)(1)(C)(Defendant is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the "Controlled Substances Act") and (f)(2)(A) (risk of flight). A detention hearing was held on June 7, 2019 and the court, Mansfield, M.J.) granted the motion to detain Rodriguez as on the grounds that he is a danger to the community and risk of flight. Rodriguez was ordered to be held pending trial and was transferred to this District.

On September 3, 2019, Rodriguez filed a motion to revoke the order of detention on the grounds that he is not a risk of flight and that there are conditions, or a combination of conditions that can assure that he is not a danger to the community. *See* Docket No. 50. A hearing was held on this motion on September 30, 2019. For the reasons set forth below, that motion is *denied*.

## Discussion

### Standard of Review; Rebuttable Presumption

This Court conducts a *de novo* review of the Order to detain Rodriguez. Rodriguez is charged with a drug offense for which the maximum penalty is 10 years or more— consequently, the rebuttable presumption set forth in 18 U.S.C. §3142(e) applies. Accordingly, there is a presumption that Rodriguez is both a danger to the community and risk of flight. Rodriguez can rebut that presumption upon showing by a preponderance of evidence that there are conditions or a combination of conditions that will assure his appearance as required, or by clear and convincing evidence that there are conditions or a combination of conditions that will assure that he is not a danger to any other person and the community.

### Rodriguez's History and Characteristics

Rodriguez is a life-long resident of Central Massachusetts. At the hearing, Rodriguez's lawyer stated that he currently resides in Southbridge Massachusetts with his significant other and had been living there for over a year. However, Rodriguez told pretrial services in Hawaii that his address is 69 Cutler Street in Worcester Massachusetts and that he has lived there with his father for the past 3 years (his father owns the property). He reported that he previously had lived on and off with his significant other for three years. He also reported the Cutler Street address as his residence when arrested on state charges and his car is registered to Cutler Street.

Pursuant to a search warrant issued in this investigation, cocaine, crack cocaine, guns, ammunition, drug paraphernalia and other items related to drug activity were found during a search at the Cutler Street residence. Rodriguez maintains strong relationships with his significant other, father, three of his half-siblings and three children who live in the area. Rodriguez's father verified the information he provided pretrial services—in fact, he told pretrial services that he and Rodriguez had lived together on the second floor of 69 Cutler St. for 10 years. Rodriguez is the owner of a barbershop in Worcester, MA.

Rodriguez's prior criminal history includes the following offenses which were continued without a finding and then dismissed: motor vehicle offenses, disorderly conduct/resisting arrest, assault and battery on a police officer/resisting arrest, trafficking in a Class B substance, possession of ammunition w/o a license and possession of a stun gun. He also has a felony conviction for assault and battery with a dangerous weapon. Rodriguez currently has charges pending against him for trafficking of a person under the age of 18 for sexual servitude for which he was released on $50,000 cash bail. The offense charged in this case is alleged to have occurred while the state charge for sex trafficking was pending. Rodriguez has also been charged with additional state criminal charges while the sex trafficking case was pending. Rodriguez has at least five defaults on his record, but none appear to be for failure to appear.

Rodriguez's Proposed Conditions

Rodriguez asserts that the nature and circumstances of this case do not warrant detention, including that: (1) he is charged with a drug offense which does not include any allegations of violence (2) he is not charged with possessing a fire arm in connection with the charged drug

conspiracy, (3) he was not a leader, supervisor or organizer of any other person in the charged conspiracy, and (4) he is a long-term resident of the community and has strong family ties.

Rodriguez suggests that there are conditions or a combination of conditions that can be imposed to assure that he would appear as required and would not be a danger to any other person or the community if released. More specifically: (1) he live only at the residence located on West Main Street in Dudley, MA with his father, his father's wife and three children; (2) he be released into his father's custody and his father act as third-party custodian; (3) he be subject to electronic monitoring and not be permitted to leave his residence except for work, legal, medical and religious reasons; (4) his travel be restricted to Massachusetts; (5) he furnish a surety bond acceptable to the court secured by real property (his father's residence in Dudley which has equity of $50,000-$100,000); and (6) he be subject to the standard conditions of release such as surrendering his passport (which is currently expired) and not applying for a new one, he not possess a firearm, dangerous weapon or destructive device, testing, reporting to probation, *etc*. In addition, he would work at the barbershop he owns in Worcester, MA.

## Whether Detention Is Warranted

Rodriguez is charged with being part of a drug conspiracy which distributed 500 or more grams of cocaine. The Indictment does not charge that 500 or more grams of cocaine was foreseeable to Rodriguez and he is not facing a mandatory/minimum sentence. Title III wiretaps were utilized in this case and Rodriguez was captured in at least three incriminating phone calls. Moreover, drugs, drug paraphernalia, guns and ammunition were seized at an address to which he has strong ties. I find that the evidence against him in this case is substantial if not overwhelming.

This is a rebuttable presumption case, that is, under 18 U.S.C. §3142(e), there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of Rodriguez or the safety of the community if he is released. I find that Rodriguez has failed to produce or proffer any credible evidence on his own behalf to rebut this presumption, and therefore, detention is justified. *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985); *United States v. Vires*, 637 F. Supp. 1343, 1351 (W.D.Ky. 1986). Nevertheless, I will examine whether, independent of the rebuttable presumption, detention is warranted.

Rodriguez asserts that he has always appeared in court to answer his state court charges and therefore, does not pose a risk of non-appearance. He also asserts that the nature of the offense, which does not include firearm charges or an allegation that he was involved with a substantial amount of drugs, does not support a finding that he is a danger to the community. Neither the Government nor Rodriguez's lawyer had an estimate as to his likely guideline sentence if Rodriguez is found guilty of the offense charged. However, given the allegations concerning the alleged drug conspiracy, it is likely that Rodriguez is facing a far longer period of incarceration than he has served in prior state court proceedings. He proposes that he live with his father in Dudley, MA and that his father act as third-party custodian. I am troubled that his father reported that he owns 69 Cutler St. and that he and his father told the pretrial service officer in Hawaii that they lived at that location together. However, at the hearing, his lawyer stated that he lived in Southbridge with his girlfriend. In any event, both Rodriguez and his father have significant ties to 69 Cutler and for that reason, I am not comfortable releasing Rodriguez into his father's custody. On this record, I find by a preponderance of the evidence that he is a

5

risk not to appear as required. Given Rodriguez's prior criminal record that includes drug charges and crimes of violence (which were continued without a finding), that he has a felony assault and battery conviction, that he was released on bail on sex trafficking charges when the current offense is alleged to occurred, and he was charged with further state offenses while that charge was pending, I find by clear and convincing evidence that Rodriguez is a danger to the community and that there are no conditions or combination of conditions that would assure the safety of another person or the community if he were released.

## Conclusion

The Motion To Revoke Order of Detention (Docket No. 50) is ***denied***.

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**U.S. DISTRICT JUDGE**