United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America ) | |
| ) | Case No. 19-cr-40025-TSH |
| v. ) | |
| ) | |
| Juan Rodriguez ) | |
| **Defendant,** | |

**Motion to Bar federal Prosecution of Sentencing Factors "*21 U.S.C 841(b)(1)(B)* 500 Grams or More of Cocaine" - Based on Solid Grounds of "Lack of Jurisdiction" And "Failure of Indictment to State An Offense In Light of *United States v Bulger*, 928 F. Supp 2d 294 (1st Cir. 2013); And *United States v Rosa-Ortiz*, 348 f.3d 33 (1st Cir. 2003). Pursuant to *Fed. R. Crim. P. 12(b)(v)***

Now into court comes the charged defendant Juan Rodriguez in the above style and cause motion to Dismiss his federal indictment based on solid grounds of "Lack of Jurisdiction" and that the defendant indictment fails to State an offense in light of **United States v Bulger**, *928 F. Supp. 2d 294* (1st Cir. 2013); and **United States v Rosa-Ortiz**, *348 f.3d 33* (1st Cir. 2003). Pursuant to **Fed. R. Crim. P. 12(b)(v)**

Properly viewed, **Fed. R. Crim. P. 12** is intended to encourage the resolution of disputes of law *prior to trial*. **To this end, the rule permits the filing of pretrial motions relative to any *defense*, *objection*, or *request*** that the court can determine without trial of the general issue, **Fed. R. Crim. P. 12(b)**, and requires the court to decide any such motion if deferring a ruling on a motion adversely affect a party's right to appeal, or where no good cause for deferral exists. **Fed. R. Crim. P. 12(b)**

**Fed. R. Crim. P. 12** clearly envisions that a district court may make preliminary findings of fact necessary to decide the questions of law presented by pre-trial motion so long as the court's findings on the motion do not invade the province of the ultimate finder of fact. Indeed, the rule in its original incarnation defined issues susceptible to pretrial determinations as those

1

in which a jury trial was not required under the constitution or an Act of Congress. **Fed. R. Crim. P. 12(b)(4)** (1944). Although the reference to issues that must be tried by the jury was deleted as surplusage, the deletion was not intended to effect any change in existing law or practice. Rather, the rule embodies the long standing presumption in favor of pretrial resolution of matters to which no jury right attaches.

**Reasons for Granting Motion:**

**-Legal Standard**

### a. Failure to State an offense

### 21 U.S.C. 841(b)(1)(B)-500 grams or more Cocaine Is Not A Valid offense Against The Laws Of the United States –

The gravamen of the charged defendant Mr. Rodriguez argument revolves around the legislature Criminal statutory penalty sentencing provisions **21 U.S.C. 841(b)** not being Offenses against the Laws of the United States. **United States v Lindia**, 82 F.3d 1154 (1st Cir. 1996).

In the First Circuit Court of appeals decision in the case of **United States v Lindia**, the court made it crystal clear *that the statutory "Drug Quantity and Type" "mandatory Minimums" are not offenses "Against The Laws Of The United States."* **Lindia**, 82 F.3d 1154 (1st Cir. 1996). The court has held that; *"Drug quantity is not an element of the offense of conviction*, **21 U.S.C.S. 846, 841(a)(1)**, but is typically relevant only for determining the penalty **21 U.S.C. 841(b)**. As such, drug quantity for purposes of **841(b)** is determined by the sentencing court under a preponderance of the evidence standard. *(The Sixth Amendment Right to jury trial attaches to only offenses and not penalties).*

The Sixth Circuit court of Appeals held in the case of **United States v Moreno**, 899 f.2d 465 (6th Cir. 1990) that: "**21 U.S.C. 841(b)** sets forth penalty provisions only and not separate lesser included offenses. As such, the sentencing Judge, not the jury, has the prerogative to make a determination of the quantity of drugs involved in the scheme and to sentence accordingly. Because section **841(b)** is a penalty provision only, a determination of the quantity of cocaine by a preponderance of the evidence likewise satisfies due process. The district court is not bound

by the jury's verdict despite the jury's finding as to the quantity of drugs involved in the conspiracy or scheme.

In the Present case at hand, the charged defendant Mr. Rodriguez asserts that the district court should dismiss his federal indictment for failing to charge a valid substantive offense in light of **United States v. Bulger**, *928 f. Supp. 2d 294* (1st Cir. 2013); and **United States v Rosa-Ortiz**, *348 f.3d 33* (1st Cir. 2003) recently, Cited in the case of **United States v. Lara**, *970 f.3d 68* (1st Cir. 2020). Holding that; "jurisdictional challenge rests entirely on a passage in **United States v Rosa-Ortiz**, *348 f.3d 33* (1st Cir. 2003), in which we stated that "[a] federal court . . . lacks jurisdiction to enter a judgment of conviction when the indictment charges no offense under federal law.

By its own terms, **21 U.S.C. 841(B)(1)(b)** does not prohibit conspiracy charges under **846** and **841(a)**. However, under the penalty provision section **21 U.S.C. 841(b)** our congress has created the whole entire penalties section as "Sentencing Factors" so that no constitutional protections would attach. See **Harris v United States**, *536 US 545* (2002).

In **Harris** the Supreme Court made it clear as day that "Sentencing Factors" are not elements of a criminal offense nor are they "Federal offenses against the laws of the United States. However, Justice Thomas' dissented opinion made it conclusively clear that; *"The range of punishment to which petitioner William J. Harris was exposed turned on the fact that he brandished a firearm, a fact that was neither charged in his indictment nor proved at trial beyond a reasonable doubt. The United States Court of Appeals for the Fourth Circuit nonetheless held, in reliance on* **McMillan v. Pennsylvania**, *477 US 79, 91 L Ed 2d 67, 106 S. Ct. 2411 (1986), that the fact that* **Harris** *brandished a firearm was a mere sentencing factor to which no constitutional protections attach.* **243 F. 3d 806, 808-812 (2002)."**

As a matter of statutory interpretation **21 U.S.C. 841(b)** defines penalty provisions, in which 500 grams or more of cocaine connotes sentencing factors to be found by the judge, not offense elements to be found by a jury. In light of **United States v Rosa-Ortiz**, *348 f.3d 33* (1st Cir. 2003). As the Court for the First Circuit Court of Appeals explains, "a federal court has jurisdiction to try criminal cases only when the information or indictment alleges a violation of a valid federal law. A federal court similarly lacks jurisdiction to enter a judgment of conviction when the indictment charges no offense under federal law whatsoever." **_Supra_**

The First Circuit stands on the position that "Jurisdictional challenges to an indictment may be raised at any time, **Fed. R. Crim. P. 12(b)(3)(B)**, including for the first time on appeal." *Id*

## Interpretation of 21 U.S.C. 841(b):

This case presents a pure issue of statutory interpretation; *"whether or not does 21 U.S.C 841(b) prescribes penalty provisions or offenses against the Laws of the United States?"*

As in any matter of statutory interpretation, the text of the statute is our starting point. *Id.* In relevant part **21 U.S.C 841(b)** provides: *"Several distinct maximum penalties dependent upon several factors, one of which is the amount of drugs involved in the conspiracy or possession offense."*

Neither **841(a)** nor **846** contains a specific penalty provision. Instead **841(a)** provides several distinct maximum penalties dependent upon several factors, one of which is the amount of drugs involved in the conspiracy or possession offense. *See* **United States v. Wilkes,** *130 F. Supp. 2d 222* (1st Cir. 2001).

To be sure, **21 U.S.C. 841** and **846** indicate that Congress intended the drug quantity to be a sentencing factor, not a substantive element of the offense. While **841(b)** is entitled "penalties", **841** is entitled "unlawful acts." *Compare* **21 U.S.C. 841(b)**, *with* **21 U.S.C. 841(a)** and **846** (defining offense of attempt and conspiracy). Indeed, prior to ***Apprendi***, First Circuit precedent held that "drug quantity . . . is not an element of the offense of conviction . . . but is typically relevant only for determining the penalty." ***Lindia***, *82 F. 3d at 1160*.

Mr. Rodriguez asserts that Congress/legislatures has never created mandatory minimums proscribing drug type and quantity as criminal offenses against the Laws of the United States. *See* **United States v Lindia**, *82 F.3d 1154* (1st Cir. 1996). The amount of the controlled substance underlying a criminal indictment typically becomes relevant only at the penalty stage. *See* **21 U.S.C. 841(b)**; **Kwong-Wah**, *966 F .2d at 685*.

The Government must acknowledge that the sentencing factors created by Congress under **21 U.S.C. 841(b)** penalty provision defined is not an offense against the Laws of the United States. *See* **United States v Rosa-Ortiz**, *348 f.3d 33* (1st Cir. 2003).

4

However, Mr. Rodriguez contends that **21 U.S.C. 841(b)** Sentencing Factors does not operate as elements of any federal substantive offense. The Penalty Provisions aka Sentencing Factors does not attach to Mr. Rodriguez Sixth Amendment constitutional right to a jury trial.

## THIS DISTRICT COURT MUST ACKNOWLEDGE THAT NO JURY TRIAL RIGHT ATTACHES TO THE SENTENCING PROVISIONS 21 U.S.C. 841(b) 500 GRAMS OR MORE OF COCAINE BECAUSE 841(b) CONNOTES NOT OFFENSES AGAINST THE UNITED STATES – NOR ELEMENTS OF ANY FEDERAL OFFENSE IN LIGHT OF UNITED STATES V BULGER, *928 F. SUPP. 2D 294* (1ST CIR. 2013)

In the present case at hand Mr. Rodriguez asserts that the district court have the power to "Dismiss his federal Indictment" based on solid grounds that his indictment failed to state offense in light of United States v Bulger, 928 F. Supp. 2d 294 (1st Cir. 2013).

The objections and defenses referred to in Fed. R. Crim. P. 12(b)(2) are all legal bars to prosecution: former jeopardy, former conviction and former acquittal, and statute of limitations. "Lack of jurisdiction" and failure of indictment or information to state an offense" similarly preclude prosecution entirely when raised by substantiated motion. Immunity is no different. It is a legal bar to prosecution, not a defense at trial.

Accordingly, Mr. Rodriguez has met the standards of Fed. R. Crim. P. 12(b)(2) because the motion now presented to court conclusively shows that his federal indictment fails to state an offense Against The United States.

The First circuit Court of Appeals made it clear that 21 U.S.C. 841(b) defines sentencing provisions and offense elements in the case of United States v lindia, 82 F.3d 1154 (1st Cir. 1996). As such, drug quantity for purposes of 841(b) is determined by the sentencing court under a preponderance-of-the-evidence standard. See United States v barnes, 890 f.2d 545, 551 (1st Cir. 1989) (noting that court, not jury, determines drug quantity under 841(b), cert. denied, 494 U.S. 1019, 108 L. Ed. 2d 501, 110 S. Ct. 1326 (1990).

Mr. Rodriguez maintains that that the title 21 U.S.C. 841(b) is nothing but a Sentencing Enhancement Regime that does not afford no constitutional safeguards that created under the Federal Bill Of Rights. See, United States v Gibs, 813 f.2d 596 (3rd Cir. 1986). The court held that 841(b)(6) was enhancement penalty provision and not separate crime. The indictment put defendant on notice of the possibility that an enhanced sentence might be imposed.

## 21 U.S.C. 841(b)(1)(B) Penalty Provision of 500 Grams or More of Cocaine Is a Common Law crime That Cannot Be Prosecuted In the Federal Courts

The defendant Mr. Rodriguez asserts that there are no federal common law offenses and, therefore, federal criminal statutes must be enacted by-Congress and not the courts. *See* **United States v. Barker Steel Co.,** *985 F. 2d 23* (1st Cir. 1993); **Bousley v. United States,** *140 LED2D 828.* (1998). "Under the nation's federal system, it is only Congress, and not the courts, which can make things criminal."

This court has subject matter jurisdiction pursuant to **18 U.S.C. 3231**, which provides that the district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.

Under federal law, of course there are no common law crimes. The federal courts have jurisdiction only over actions specifically proscribed by Congress. **United States v. Hudson,** *11 U.S. (7 cranch) 32, 3 L. Ed. 259* (1812) Thus in the nineteenth century, a person could be convicted in federal court of aiding and abetting a particular felony only if Congress had defined aiding and abetting that felony as a crime.

In the present case at hand the charged defendant Mr. Rodriguez asserts that nowhere in a federal drug trafficking Controlled Substance Act of the year 1970 establishes that Congress created **21 U.S.C. 841(b)** as an offense against the United States Acts of Congress in view of **18 U.S.C 3231**.

The Supreme Court of The United States has often declared, in unmistakable terms, that there can be no crime against the authority of the United States except where the forbidden act is defined and penalized by statute. **U.S. v. Hudson,** *7 Cranch 32, 3 L. Ed. 259;* **U.S. v. Coolidge,** *1 wheat 415, 4 L. Ed. 124;* **U.S. v. Britton,** *108 U.S. 199, 206 2 Sup. Ct. 531, 27 L. Ed. 698;* **U.S. v. Eaton,** *144 U.S. 677, 12 Sup. Ct. 764, 36 L. Ed. 591.* And the Circuit Court of Appeals for this circuit has spoken in decided terms to the same effect. **Peters v. United States,** *94 Fed. 127, 131, 36 C.C.A. 105.*

In **United States v. Hudson,** Supra, where it is held that the court of the United States have no common-law jurisdiction in criminal cases, the Supreme Court uses the following language:

"The legislative authority of the Union must first make an act a crime, affix a punishment to it, and declare the court that shall have jurisdiction of the offense."

In **Peters v. United States,** Supra, the court says:

"It must be borne in mind that the national courts do not resort to common law as a source of criminal jurisdiction. Crimes and offenses cognizable under the authority of the United States can only be such as are expressly designated by law. It devolves upon Congress to define what are crimes, to fix the proper punishment, and to confer jurisdiction for their trial. **U.S. v. Walsh,** 5 Dill. 60, Fed. Cas. No. 16, 636; **U.S. v. Martin**, 4 Cliff. 156, Fed. Cas. No. 15728; In re Greene (C.C.) 52 Fed. 104; **Swift v. Railroad Co. (C.C.)** 64 Fed. 59; **U.S. v. Hudson**, 7 Cranch, 32, 3 L. Ed. 259; **U.S. v. Coolidge,** 1 Wheat. 415, 4 L. Ed. 124; **U.S. v. Britton**, 108 U.S. 199, 2 Sup. Ct. 531, 27 L. Ed. 698."

The Same Doctrine has been elsewhere declared as follows:

"In the consideration of this indictment it should be borne in mind that there are no common-law offenses against the United States; that the federal courts cannot resort to the common law as a source of criminal jurisdiction; that crimes and offenses, cognizable under the authority of the United States, are such, and only such, as are expressly designated by law; and that Congress must define these crimes, fix their punishment, and confer jurisdiction to try them."
In **Re Greene (C.C.)** 52 Fed. 104, 111.

There can be no pretense that Congress itself has defined as a crime the act for which defendants are here indicted, namely, Conspiracy to Distribute 500 grams or more of Cocaine created under title **21 U.S.C. 846** and **841(b)**. The Statute **21 U.S.C. 841(b)** does not forbid, or make any reference criminal to any statute created under the Federal Controlled Substance Act.

The government must acknowledge that "Conspiracy to Distribute narcotics" are manufactured Criminal Statutes not made by Congress – but instead are infractions of Executive rules and regulations, thereafter to promulgated, is incomplete and wholly inadequate to form the bases of a criminal prosecution.

## Conclusion

Based upon the above case law and Supreme Court authority Mr. Rodriguez prays that the district court would take judicial notice of his constitutional issues raised inside the present motion to help prevent a further miscarriage of justice upon the court or further deems whatsoever this honorable court feels that is just and appropriate.

Respectfully Submitted

_____

## Certificate of service

The defendant Mr. Rodriguez places said motion in the hands of the district court under the federal rules and procedure.

Respectfully Submitted

_____