

United States District Court

District of Massachusetts

| United States of America | ) | |
|---|---|---|
| | ) | Case No. 19-cr-40025-TSH |
| v. | ) | |
| | ) | |
| Juan Rodriguez | ) | |
| Defendant, | | |

## DEFENDANT PRETRIAL MOTION TO ESTABLISH THE LEGISLATIVE 21 U.S.C. 846 CONSPIRACY STATUTE UNCONSTITUTIONALLY VAGUE WITHIN THE MEANING OF THE DUE PROCESS CLAUSE BECAUSE AS A PENAL STATUTE 846 MUST STATE ITS PROSECUTIONS WITH SUFFICIENT CLARITY TO BE UNDERSTOOD BOTH BY CITIZENS OBLIGED TO OBEY THEM AND OFFICIALS CHARGED WITH THEIR ENFORCEMENT. PURSUANT TO FED. R. CRIM. P. 12(b)

Now entering the court comes the charged Defendant Mr. Juan Rodriguez in the above style and cause motion, moves the court to use its Supervisory Powers to rule **21 U.S.C. 846** Conspiracy statute for being vague and overly broad within the meaning of the Due Process Clause of the Fifth and Fourteenth Amendments. *See* **Kolender v. Lawson**, 461 U.S. 352, 353, 103 S. Ct. 1855, 75 L. Ed. 2d 903 & n.1 (1983).

This pre-trial motion presents a facial challenge to a criminal statute that requires persons who the Government assumes has made "an agreement" about discussing narcotics without being in possession of narcotics to be treated the same as individuals who actually "possess, distribute, and manufacture" narcotics, by only having a "conversation" about narcotics.

The charged Defendant asserts that the statute **846** as it has been construed in unconstitutionally vague by the meaning of the Due Process Clause of the Fifth and Fourteenth Amendments by failing to clarify what is prohibited by the statute substantive offense.

The Second Circuit Court of Appeals in the case of **Hylton v. Sessions**, 897 F. 3d 57 (2nd Cir. 2018) has dealt with a similar issue and held that; "As a penal statute, Section **841(b)(4)** must state its proscriptions with sufficient clarity to be understood both by citizens obliged to obey them and officials charged with their enforcement." *See* **Kolender v. Lawson,** 461 U.S. 352, 353, 103 S. Ct. 1855, 75 L. Ed. 2d 903 & n.1 (1983) (holding state misdemeanor statute unconstitutionally vague within the meaning of the Due Process Clause).

Our Constitution is designed to maximize individual freedoms within a framework of ordered liberty. Statutory limitations on those freedoms are examined for substantive authority and content as well as for definiteness or certainty of expression. *See* **generally M. Bassiouni, Substantive Criminal Law 53** (1978).

As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. **Hoffman Estates v. Flipside, Hoffman Estates, Inc., Supra; Smith v. Goguen , 415 US 566, 39 L Ed 2d 605, 94 S. Ct. 1242 (1974); Grayned v. City Rockford, 408 US 104, 33 L Ed 2d 222, 92 S. Ct. 2294** (1974); **Papachristou v. City of Jacksonville, 405 US 156, 31 L Ed 2d 110, 92 S. Ct. 839** (1972); **Connally v. General Construction Co., 269 US 385, 70 L Ed 322, 46 S. Ct. 126** (1926).

In the Supreme Court decision Posters N Things v United States, 511 US 513 (1994) has made it well known that; "The void –for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Citing Kolender v Lawson, 461 US 352, 357, 75 LED 2d 903, 103 S. Ct. 1855 (1983).

## Legal Standard

### a. Vagueness

The Fifth Amendment to the constitution of the United States provides that "[n]o person shall. . . be deprived of life, or property without due process of law." U.S. Const, amend. V. "The vagueness doctrine is a component of the right to due process of law." **Farrell v Burke,** 449 f.3d 470, 485 (2d Cir. 2006). A criminal statute "is impermissibly vague under the Due Process Clause of the Fifth Amendment" when (1) "the statute . . . fails to provide of ordinary intelligence fair notice of what is prohibited," or (2) "is so standardless that it authorizes or encourages seriously discriminatory enforcement." *See* **Holder v. Humanitarian Law Project** , 561 U.S. 1, 18 (2010).

This inquiry "is an objective one." **Dickerson v. Napolitano**, 604 F. 3d 732, 745 (2nd Cir. 2010). As to the first prong, the Court must ask "whether the law presents an ordinary person with sufficient notice of or the opportunity to understand what conduct is prohibited and proscribed, not whether a particular plaintiff actually received [such] a warning." **United States v. Smith,** 985 F. Supp. 2d 547, 587 (S.D.N.Y. 2014) (citing **Dickerson,** 604 F .3d at 745-46). As to the second prong, "a statute will be struck down on this ground if it provides virtually unlimited or unfettered discretion to those who enforce it." **United States v. Smith**, 985 F. Supp. 2d at 589.

2

**b.** __846__ **Is Void for Vagueness**

__846__ Does not provide fair notice to ordinary persons of the conduct that it proscribes. The text of the statute provides only that "[a]ny person who attempts or conspires to commit any offense defined in this title shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." The statute, by its express terms, does not describe any federal narcotics offense. It has no elements, it proscribes no specific conduct, and this "vagueness" is exacerbated in circumstances like those presented in the instant case. Circumstances in which no substantive narcotics offense described in title __21__ was ever committed. That is __841,__ defines the prohibited conduct which Mr. Rodriguez is alleged to have conspired to commit, makes it unlawful for any person to, *inter alia*, knowingly or intentionally "manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." __21 U.S.C. 841(a)(1).__ There is no evidence in the instant case that Mr. Rodriguez ever engaged in any of this prohibited conduct. And there is nothing about the text of __846__ that serves to warn an ordinary person that they would be subject to the penalties proscribes by __841__ without engaging in the conduct that it prohibits.

This lack of notice and fair warning is more prejudicial as applied in the instant case, in which the government has repeatedly struggled to articulate what exactly Mr. Rodriguez is alleged to have done that subjects him to federal criminal penalties. He is charged, of course, with conspiracy to violate __841__, which would require a conspiracy to "manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." However, the Government has, at various times during the pendency of this case, advanced various other uncorroborated theories of conspiratorial liability. For example, in its Omnibus Response to a number of Mr. Rodriguez's pretrial motions, the Government described the object, or "common goal," of the conspiracy as "transporting quantities of narcotics into the United States for further distribution and sale." (ECF No. 286 at 23). Importation of narcotics is, of course, not described as conduct prohibited by __841,__ and is, in fact, subject to a different criminal provision. However, at other points during the same omnibus response, and elsewhere, the Government described the object of the conspiracy as simple possession with intent to distribute.

Whatever the underlying conduct though, __846__ fails to provide notice and fair warning as required by the United States Constitution.

Respectfully Submitted