FILED IN CLERK'S OFFICE
DEC 6 '21 AM9:52 USDC MA

United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America | ) |
| | ) Case No. 19-cr-40025-TSH |
| v. | ) |
| | ) |
| Juan Rodriguez | ) |
|     Defendant, | |

**DEFENDANT MOTION TO BAR FEDERAL NARCOTICS PROSECUTION FOR BEING CHARGED AND TRIED TWICE FOR THE SAME OFFENSE UNDER THE FIFTH AMENDMENT DOUBLE JEOPARDY CLAUSE, ESPECIALLY WHEREHERE TITLE 21 U.S.C. 841 OFFENSE IS A LESSER INCLUDED OFFENSE OF 21 U.S.C. 846 CONSPIRACY OFFENSE AND IS UNAUTHORIZED BY CONGRESS IN LIGHT OF <u>RUTLEDGE V UNITED STATES, 517 US 292, 134 LED2D 419</u> (1996) & <u>ABNEY V. UNITED STATES</u>, 97 S. Ct. 2034, 52 LED2D 651, 431 U.S. 651 (1977) PURSUANT TO RULE 12(b)(d)**

  The defendant Juan Rodriguez moves the Honorable District court to bar the prosecution of count one of the Federal indictment for being charged twice for the same offense, especially where here Title **<u>21 U.S.C. 841</u>** offense is a lesser included offense of **846** and is highly unauthorized by Congress in light of **<u>Rutledge v. United States</u>**, 517 US 292, 134 LED 2d 419.

  The first Circuit Court of Appeals in the case of United States v Perez-Gonzalez, 967 f.3d 53 (1st Cir. 2020) has held that" The Double Jeopardy Clause of the United States bars the United States from prosecuting "a single person for the same conduct under equivalent criminal laws.' Puerto Rico v Sanchez Valle, 136 S. Ct. 1863, 1876, 195 L. Ed 2d 179 (2016).

  The Supreme Court held in **<u>Rutledge</u>** that the District Court erred in sentencing petitioner to two concurrent life sentences of the **846** and **848** counts.

  It is presumed that a legislature does not intend to impose two punishments where two statutory provisions proscribe the "same offense". The test for determining whether there are two offenses is whether each of the statutory provisions require proof of a fact which the other does not. *See* **<u>Blockburger</u>**

1

v. United States, 284 U.S. 299, 304, 76 LED 306, 52 S. Ct. 180. This court has often concluded that two statutes define the "same offense" where there is a lesser included offense of the other. See **Wittle v. United States**, 132 LED 2d 351 (1995).

In this case the government charges Mr. Rodriguez for being in violation of more than two offenses within count one of his federal indictment. The government requested the grand jury to indict the charged defendant to criminal charges under both statutes **21 U.S.C. 846** and **21 U.S.C. 841(a)**. However, the government must acknowledge that 841(a) is a lesser included offense of title **21 U.S.C. 846** because both statutes covers the same exact criminal conduct.

Accordingly, the court should dismiss Mr. Rodriguez indictment and bar his federal indictment based on Double Jeopardy grounds to prevent a miscarriage of justice in light **Abney v United States**, 431 US 651 ((1977).

## The Supreme Court made it conclusively clear that;

*"The Fifth Amendment double jeopardy clause is a guarantee against being twice put in jeopardy; the 'twice put in jeopardy' language relates to a potential-the risk that an accused for a second time will be convicted of the 'same offense' for which he was initially tried."*

*"The Fifth Amendment guarantee against Double Jeopardy assures an individual that, among other things, he will not be forced, with certain exceptions, to endure the personal strain, public embarrassment, and expense of a criminal trial more than once for the same offense; it protects interests wholly unrelated to the propriety of any subsequent conviction." **Supra***

The Double Jeopardy Clause of the Federal Constitution's Fifth Amendment prohibits successive prosecution or multiple punishment for the same offense; the language of the double jeopardy clause protects against more than the actual imposition of two punishments for the same offense, and by the terms of the clause, it protects a criminal defendant from being twice put in jeopardy for such a punishment, that is, the clause, prohibits merely punishing twice, or attempting a second time to punish criminally, for the same offense; thus, under the double jeopardy clause, courts may not impose more than one punishment for the same offense, and prosecutors ordinarily may not attempt to secure that punishment in more than one trial.

Inside the present case at hand, Mr. Rodriguez argues that the **841** offense is a lesser included offense of the Conspiracy charged in count one of the indictment, because the Conspiracy charge requires

every fact necessary to show a violation of **841** as well as proof of several additional elements. However, the Double Jeopardy clause of the Fifth Amendment provides that "no person shall be subject for the same offense to be twice put in jeopardy of life or limb." See **U.S. Const. Amend. V.**

The Supreme Court of the United States summarized the three basic protections of the Double Jeopardy clause; *it protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.*

However, in light of **Rutledge,** the court must dismiss one of the charges in Mr. Rodriguez federal indictment because **841** is a lesser included offense of **21 U.S.C. 846** Conspiracy charges and for being unauthorized by our Congress.

Respectfully Submitted

By the Defendant,

Juan Rodriguez

_____