FILED IN CLERKS OFFICE

DEC 6 '21 PM 2:48 USDC MA

United States District Court
District of Massachusetts

United States of America    )
    )    Case No. 19-cr-40025-TSH
v.    )
    )
Juan Rodriguez    )
    Defendant

**DENFENDANT MOTION TO BAR FEDERAL PROSECUTION FOR DISTRIBUTION OF NARCOTICS UNDER 21 U.S.C. 846 BASED UPON SOLID GROUNDS THAT "CONSPIRACY TO DISTRIBUTE" IS NOT A GENERIC FEDRAL OFFENSE AND IS UNCONSTITUTIONAL IN LIGHT OF BLOCKBURGER V UNITED STATES, 284 U.S 299 (1932); AND CONGRESS STATUTORY PROVISIONS OF 21 U.S.C. 862(a)(1)(C). FED. R. CRIM. P 12(b)(3)**

Now into Court comes, the Charged Defendant Mr. Rodriguez within his Pro-se capacity moves the District Court to Barr Federal prosecution for "Distribution of Narcotics" under 21 U.S.C. 846 based upon solid grounds that: "Conspiracy to Distribute" and "Conspiracy to possess Cocaine with intent to Distribute" are not Valid Federal Offenses and are Unconstitutional in light Congress Statutory Provisions of 21 U.S.C. 862(a)(1)(C)

21 U.S.C. 862(a)(1) gives a Court discretion to determine that an individual convicted of a Drug Trafficking crime is ineligible for federal benefits for a set stretch of time. 21 U.S.C.S. 862(a)(1). Section (2) provides that benefits which are denied under this subsection shall not include benefits relating to long-term drug treatment programs provided the convict meets certain criteria. 862(a)(1) (Emphasis added).

**21 U.S.C.S. 862(a)(1)(C); Denial of Federal Benefits to Drug Traffickers and Possessors**

**(a) Drug Traffickers.**

**(1) Any individual who is convicted of any Federal or State Offense consisting of the distribution of controlled substances shall—**

The court, pursuant to 21 U.S.C. 862, may deny the eligibility for certain federal benefits of any individual convicted of Distribution or Possession of a Controlled substance. United States v Meraz, 1993 U.S. Dist. Lexis 14459 (9th Cir. 1993).

Pursuant to 21 U.S.C. 862(a)(1)(B) upon a third or subsequent conviction for distribution of a controlled substance, the Defendant may be permanently declared ineligible for any or all Federal benefits as determined by the court. United States v Martes, 2014 U.S. Dist. Lexis 59753 (2nd Cir. 2014).

The second issue involves the propriety of Taylor's sentence, specifically the lifetime ban on federal benefits imposed by the district court pursuant to 21 U.S.C. 862(a)(1)(C). That section provides: "any individual who is convicted of any Federal or State offense consisting of the distribution of controlled shall upon a third or subsequent conviction for such an offense be permanently ineligible for all federal benefits. As noted, Taylor was convicted of a drug conspiracy charge, but "Distribution of a Controlled Substance is not an element of that offense. See United States v Allen, 716 f.3d 98, 103 (4th Cir. 2013).

## 21 U.S.C. 862(a)(1)(C) BARS THE GOVERNMENT FROM PROSECUTING "DISTRIBUTION" UNDER 21 U.S.C. 846 BECAUSE "CONSPIRACY TO DISTRIBUTE COCAINE" IS NOT A COGNIZABLE FEDERAL OFFENSE IN LIGHT OF 21 U.S.C. 862 – 18 U.S.C. 3231 – 18 U.S.C. 4001(A)

The crux of Mr. Rodriguez argument revolves around the Federal Conspiracy statute does not criminalize **"Distribution of Narcotics"** such as **"Conspiracy to Distribute Cocaine"** or **"Conspiracy to possess Cocaine with intent to distribute"**. See Staples v United States, 114 S. Ct. 1792, 128 LED2D 608 (1994)

The definition of elements of a criminal offense is entrusted to the legislature, particularly in the case of Federal crimes, which are solely creatures of statute; judicial determination of the mental state required for commission of a Federal crime requires construction of the statute and inference of the intent of Congress.

As we observed in Liparota v United States, 471 US 419, 85 L Ed 2d 434, 105 S. Ct 2084 (1985), "the definition of the elements of a criminal offense is entrusted to the legislature, particularly in case of federal crimes, which are solely creatures of statute.' Id., at 424, 85 L Ed 2d 434, 105 S. Ct. 2084 (citing United States v Hudson, 7 Cranch 32, 3 L Ed 259

Here, in the present case at hand Mr. Rodriguez asserts "Distribution" is not an "Element" of the Federal Conspiracy Statutory Provisions of 21 U.S.C. 846 and that it is not a Generic Federal Conspiracy statutory offense. Nowhere in the legislature's 21 U.S.C. 846 Conspiracy statute does

our Congress proscribes "Distribution of Narcotics" nor any type of "Distribution" as being criminal. United States v Hudson, 7 Cranch 32, 3 L Ed 259 (1812).

In accordance of 21 U.S.C. 862(a)(1)(3), the court is barred from treating the Legislatures Federal Drug Conspiracy statute 21 U.S.C. 846 as a legally cognizable "Distribution" offense. Thus, all Federal Courts must acknowledge that; "Distribution of narcotics" is not an element of 846 conspiracy statutory provisions.

The terms "Distribution" or "Distribute" nor the term "Possession with intent Distribute" clearly are not provisions of 21 U.S.C. 846 Conspiracy statute. United States v Scott, 892 f.3d 791 (5th & 11th Cir. 2018). This court made perfectly crystal clear that: **"Possession is not an element of a drug conspiracy under 21 U.S.C.S. 846.**

The court must acknowledge that the government cannot invoke 21 U.S.C. 846 to create "Distribution" as a substantive element of the "Conspiracy" offense. Thus, "Distribute" and "Distribution" are not statutory provisions that the Government can impose criminal sanctions upon the charged defendants. See, McDonald v Norwest Fin., Inc, 265 B. R. 3 (1st Cir. 2001).

*21 U.S.C. 862(a)(1) Prohibition on "Drug Trafficking Distribution cases" forbids the government from "Manufacturing" and "Creating their own "Federal Distribution criminal offenses.* However, in the present case at hand the government has created and manufactured their very own Federal Conspiracy statute within Mr. Rodriguez's case.

**21 U.S.C. 846 - 21 U.S.C. 862 – 18 U.S.C. 3231 and 18 U.S.C. 4001(a) precludes the District Court and the Government from prosecuting "Illegally and Unconstitutional Non Cognizable Federal Manufactured Fraudulent Federal "Distribution" offenses.**

The charged defendant Mr. Rodriguez asserts that: "Conspiracy to Distribute Cocaine" is not an expressed provision of the legislatures 21 U.S.C. 846 "Conspiracy or Attempt" statutory Criminal federal offense. Section 21 U.S.C. 846 only speaks in terms of prohibiting "Attempt' and "Conspiracy", not violations of "Distribution" offenses/federal law.

In this Circuit own Court of Appeals, in the case of United States v Rosa-Ortiz, 348 F. 3d 33 (1st Cir. 2003) made it well known that "A federal court similarly lacks jurisdiction to enter a judgment of conviction when the indictment charges no offense under federal law whatsoever.

The same applies when the defendant argues on appeal that the conduct alleged in the in the indictment and pleaded to was not conduct proscribed by the federal criminal statute at issue. United States v Rosa-Ortiz, 348 f.3d 33, 36 (1st Cir. 2003).

## Part "A"

### BLOCKBURGER BAR THE PROSECUTOR FROM MANUFACTURING TWO FEDERAL OFFENSES INTO ONE SUBSTANTIVE NON-COGNIZABLE FEDARAL OFFENSE – BECAUSE UNDER THE BLOCKBURGER DOCTRINE "CONSPIRACY" AND "DISTRIBUTION" CONNOTE SEPARATE OFFENSES

The gravamen of Mr. Rodriguez argument request the Honorable District Court to use its Supervisory Power to Bar the Executive Branch from prosecuting Non-Existence "Manufactured" federal "Distribution" non-cognizable Federal offenses. United States v Rosa – Ortiz, 348 f.3d 33 (1st Cir. 2003).

In the present case at hand Mr. Rodriguez asserts that the government has manufactured two separate criminal provision into one substantive offense. The government has taken elements from 21 U.S.C. 841(a)(1) such as "Distribution" and incorporated "Distribution" into the Federal Conspiracy statute 21 U.S.C. 846. (21 U.S.C. 841(a)(1) Unlawful Acts – such as "Distribution" requires proof of different facts than does the 21U.S.C. 846 "Conspiracy" offense charged in count one. Blockburger v United States, 284 U.S. 299, 304 (1932).

The First Circuit District Court in the case of United States v Johnson, 1990 U.S. Dist. Lexis 13707 (1st Cir. 1990) established that Blockburger mandates this Honorable court rule that "Distribution" and "Conspiracy" are conclusively two separate and independant Legally Federal offenses.

As is obvious, the offense of "conspiracy" created under title 21 U.S.C. 846 speaks out to only one substantive offense. See, United States v Barton, 647 f.2d 224 (2nd Cir. 1981).The court also ruled that defendants were properly charged with two separate counts of conspiracy, one under the general statute, 18 U.S.C. 371, and one under the Racketeer influenced and Currupt Organizations Act, 18 U.S.C. 1962(d). The court held the statutes were distinct and required different elements of proof.

Mr. Rodriguez marshals before the court that same argument in the case at hand. The charged Defendant asserts that under the Blockburger test this Honorable Court should make the determination that "Conspiracy" is a separate offense than the generic federal offense of

"Distribution". Moreover, "Conspiracy to possess cocaine with the intent to Distribute" requires the same exact principles.

The Government would have to acknowledge the crime of "Distribution" contains different elements from the crime of conspiracy, and the two charges does not merge. See United States v Buchanan, 830 f.2d 146 (10th Cir. 1987). (The court should take judicial that the actual crime of "Conspiracy: and the crime of "Distribution" are not the same – Because the agreement of two is mandatory for "Conspiracy" – But not for "Distribution".

However, when properly charged, the crime of "Distribution" contains different elements than the crime of "Conspiracy." While the gist of a conspiracy offense is "Agreement Only" among the coconspirators to commit the offense, attended by an act of one or more of the conspirators to effect the object of the conspiracy, Distribution requires an Act of transfer of narcotics or an actual Act of an "delivery of narcotic" without the requirement of two people to carry out the crime. See, Blockburger, 284 U.S. 299, 180, 76 L. Ed. 306 (1932). (Emphasis added).

Therefore, the court must acknowledge that in light of Blockburger, the government is barred from prosecuting "Conspiracy to Distribute cocaine and the crime of Conspiracy to possess cocaine with intent to Distribute Non-Federal offenses.

## Part "B"

**THE COURT IS BARRED FROM PROSECUTING "CONSPIRACY TO DISTRIBUTE COCAINE" UNDER 21 U.S.C. 846 – BECAUSE CONSPIRACY TO COMMIT A CRIME IS A DIFFERENT OFFENSE FROM THE CRIME THAT IS THE OBJECT OF THE CONSPIRACY IN LIGHT AMERICAN TOBACCO CO. V UNITED STATES, 328 U.S. 781 (1946).**

The crux of Mr. Rodriguez's substantive argument revolves around the criminal statutes 21 U.S.C. 841(a)(1) and 21 U.S.C. 846 - the Honorable District Court should take judicial notice of the novel issue being raised now before the court for the very first time: "the mere evidence of a simple buy-sell transaction is sufficient to prove a distribution violation under 21 U.S.C. 841 – But not conspiracy under 21 U.S.C. 846.

Black's Law Dictionary Six Edition Bryan A. Garner Editor in Chief defines the term: **Inchoate offense.** (1809) **A step toward the commission of another crime, the step in itself being serious enough to merit punishment. The three inchoate offenses are attempt, conspiracy, and solicitation. The term is sometimes criticized.**

The term: **Conspiracy.** (14c) **An agreement by two or more persons to commit an unlawful act, coupled with an intent to achieve the agreement's objective.**

The term: **Attempt.** (16c) **1. The act or an instance of making an effort to accomplish something, esp. without success.**

The term: **Substantive offense.** (18c) **A crime that is complete in itself and is not dependent on another crime for one of its elements.**

The government must acknowledge that ***"Conspiracy is an incomplete crime".*** Thus, it is **"Impossible"** to prove a crime of "Distribution of Cocaine" under the federal "Conspiracy" statute 21 U.S.C. 846, especially when one can only conspire to do things. See Fassette v United States, 444 F. Supp. 1245 (9th Cir. 1978).

As for an example: "The crime of which Fassette was convicted is not the substantive offense of manufacturing or distributing a controlled substance as prohibited and punished in 21 U.S.C. 841. He was convicted of a conspiracy to do those things. Such a conspiracy is not punished by 21 U.S.C. 841. Such Conspiracy is made a separate offense by 21 U.S.C. 846 and the punishment for such a conspiracy is separately prescribed by 21 U.S.C. 846.

Based on the solid definition of an "Inchoate offense" requires that "Conspiracy is a substantial step towards committing an offense. – A step towards of committing an offense connotes "Not a Substantive Crime" – Conspiracy is a crime committed without Success.

Here in the present case at Mr. Rodriguez asserts that the government is "Incapable" of proving "Drug quantity and type" as continuant elements of 21 U.S.C. 846 – and the government is well familiar with the supreme law of the land.

Accordingly, the government is fully aware that charging Mr. Rodriguez with conspiracy to distribute cocaine actually and factually means that the defendant never actually committed no drug distribution crime. Conspiracy means the actual object of the conspiracy never happened.

A crime of making a substantial step towards committing a crime suggest that the Defendant almost made it to the finish line. Thus, one cannot almost commit a crime of "Distribution" – It is a determination of whether Mr. Rodriguez distributed the drugs to someone other than coconspirators or not?

6

**Part "C"**

**THE SEPARATION OF POWER DOCTRINE AND THE NON-DELEGATION DOCTRINE AND THE NON-DELEGATION DOCTRINE BAR PROSECUTION OF "ALTERED' AND "MANUFACTURED" CRIMINAL OFFENSES – SUCH AS, 'CONSPIRACY TO DISTRIBUTE COCAINE' – THE GOVERNMENT IS BANNED FROM ALTERING 21 U.S.C. 846 CONSPIRACY STATUTE TO INCORPORATE "DITRIBUTION OF NARCOTICS. . .**

The First Circuit district court in the case of Abruzzi Foods, Inc. v Pasta & cheese, Inc., 687 F. Supp. 20 (1st Cir. 1988). The Court found that it was "Barred" by the Separation of Powers doctrine from legislating in such a fashion where neither the Federal Food, Drug, and Cosmetic Act, nor the regulations implementing it provided a definition of "Fressh."

Mr. Rodriguez asserts that his argument of the non-cognizable federal offenses: "Distribution of Narcotics" – "Drug type and Quantity" was not founded by the "Legislature's" and should be Barred by the Separation of Powers doctrine from legislating in such fashion where neither the "21 U.S.C. 846 conspiracy Act, nor the the regulations implementing it provided a definition of "Conspiracy to Distribute Cocaine. Abruzzi Foods, Inc. v Pasta & cheese, Inc. 687 F. Supp. 20 (1st Cir. 1988).

Federal courts do not have the power to enact legislation. "We do not sit as a Superlegislature to determine the wisdom, need and propriety of laws that touch economic problems, business affairs or social conditions. Griswold v Connecticut 381 U.S. 482 (1965).

To do so would constitute encroachment upon the functions of a legislative body and would violate the time-honored principle of Separation of Power of the great department of our Government. Joseph Skillken & Co. v City of Toledo, 528 F.2d 867, 878 (6th Cir. 1975). Regulators are to regulate under legislative delegation; courts are to insure that such regulation remains within the scope of that statutory delegation. (21 U.S.C. 846 does not cover Drug Distribution crimes at all).

Therefore, the prosecutor must be barred from "Adding Distribute/Distribution of Cocaine" to the Federal Conspiracy statute 21 U.S.C 846.

7

**THE NON-DELEGATION DOCTRINE BARS THE "EXECUTIVE BRANCH" FROM ALTERING CONGRESS STATUTE 21 U.S.C. 846 FROM INCORPORATING "DISTRIBUTION OF NARCOTICS" INTO 846 – GUNDY V UNITED STATES, 139 S. CT. 2116 (2019).**

**The charged** defendant Mr. Rodriguez asserts that the Executive Branch A/K/A District Trial Attorney amendment of ***"Distribution Conduct"*** under 21 U.S.C 846 violates the "Non-Delegation Doctrine" and is barred from enforcing ***"distributing of Cocaine"*** and ***"Conspiracy to possess cocaine with the intent to Distribute"*** . However, Congress may not delegate to another branch "powers which are strictly and exclusively legislative. Gundy v United States, 139 S. Ct. 2116, 2113, 204 L. Ed 2d 522 (2019).

In Bousley v United States, 523 U.S. 614 (1998). The highest court in the land has held that: "under the nation's Federal system, it is only Congress, and not the courts, which can make conduct criminal. See United States v Pitrone, 115 f.3d 1 (1st Cir. 1997). The First Circuit has stated: "Broadly speaking, it is within the discretion of the legislature to define the elements of a statutory offenses. See United States v Hudson, 11 U.S. 7 Cranch 32, 34, 3 L Ed 259 (1812).

**THE PROSECUTION CANNOT ALTER OR MODIFY COGRESS STATUTE SUCH AS 21 U.S.C. 846 CONSPIRACY STATUTORY PROVISION TO INCORPORATE A SEPARATE AND DISTICT OFFENSE "DISTRIBUTE OR DISTRIBUTION" ---**

The Eleventh Circuit Court of Appeals recently cautioned courts against crossing into "Congressional territory by attempting to fix or improve statutes. In re Berger, 376 B. R. 42. 2007 Bankr. Lexis 1704403 (bankr. M. D. Ga. June 11, 2007) (citing Bracewell v Kelly, (In re Bracewell), 454 F.3d 1234, 1246 (11th Cir. 2006) Specifically, the court in In re Bracewell stated "our function is to apply statutes, to carry out the expression of the legislative will that is embodied in them, not to impove statutes by altering them. . . If there are a problems with the way a statute operates, Congress can alter the statute to eliminate those problems; We cannot. In re Bracewell., 454 f3d at 1246 (11th Cir 2006).

The Supreme Court in the case of Tennessee Valley Auth v Hill, 437 U.S. 153 (    ) has held that the United States Supreme Court will not assume that congressional committee statements constitute advice to ignore the provisions of a duty enacted law.

The Supreme Court's individual appraisal of the wisdom or unwisdom of a particular course consciously selected by the congress is to be put aside in the process of interpreting a statute. Once the meaning of enactment is discerned and its constitutionality determined, the judicial process comes to an end. The Supreme Court does not sit as a committee of revieaw, nor is vested with the power to veto.

## Conclusion

Mr. Rodriguez request that the Honorable District court will use its supervisory powers to help prevent a further miscarriage upon the court or further Deems Whatsoever this Honorable court feels that's just and appropriate.

Respectfully Submitted

9