United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America | ) |
| | ) Case No. 19-cr-40025-TSH |
| v. | ) |
| | ) |
| Juan Rodriguez | ) |
| Defendant, | ) |

**DEFENDANT MOTION TO BAR FEDERAL CRIMINAL PROSECUTION OF "CONSPIRACY TO DISTRIBUTE" AND "CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE COCAINE" BASED ON SOLID GROUNDS OF BOTH COMMON LAW CRIMES CONNOTE NON-COGNIZABLE FEDERAL OFFENSES THAT WERE NOT CREATED BY CONGRESS UNDER THE NON-GENERIC FEDERAL CONSPIRACY STATUTE 21 U.S.C. 846. PURSUANT TO FED. R. CRIM. P. 12(b)(3)**

The charged defendant Mr. Juan Rodriguez moves the honorable district court to impose its "Supervisory Powers" to rule that "Conspiracy to Distribute" and "Conspiracy to possess with intent to Distribute Cocaine" are not a "Cognizable Federal offense" that were created by the legislature/congress under the Non-Generic federal conspiracy statute 21 U.S.C. 846. Pursuant to Fed. R. Crim. P. 12(b)(3)

The First Circuit Court of Appeals in the case of United States v Rosa-Ortiz, 348 f.3d 33 (1st Cir. 2003). No court of appeals may uphold a plea of guilty to conduct that is not within the crime charged. (21 U.S.C. 846 does not prescribe the charged conduct: "Conspiracy to distribute cocaine-or- Conspiracy to possess cocaine with intent to distribute.).

The provisions of <u>21 U.S.C. 846</u> do not prohibit "Conspiracy to Distribute" or "Conspiracy to possess Cocaine with intent to distribute. Rosa-Ortiz, 348 f.3d 33 (1st Cir. 2003)

The Eleventh Circuit Court of Appeals in the case of United States v Bane, 948 f.3d 1290; 2020 U.S. App. Lexis 2272 (11th Cir. 2020) made it well known that; "The U.S Supreme Court has instructed courts to use caution in labeling errors jurisdictional. Jurisdiction refers to the courts' statutory power to adjudicate prosecutions of federal offenses. <u>18 U.S.C.S. 3231</u>. Because the prosecution must be for a federal offense, the court have held that when an indictment affirmatively alleges conduct that is not a federal offense, it does not invoke the district court's jurisdiction to enter judgment or accept a guilty plea.

1

The crux of Mr. Rodriguez argument raised now is that the Federal Criminal Code does not contain a "Conspiracy to Distribute" and nor a "Conspiracy to possess with intent to Distribute" a controlled substance statute; "Conspiracy to Distribute" and Conspiracy to possess with intent to Distribute Cocaine are punishable only if the statutory definition of the crime itself proscribes Conspiracy to Distribute or Conspiracy to possess with intent Distribute Cocaine offenses. There are no cognizable offenses of **"Conspiracy to Distribute"** or **"Conspiracy to possess with intent to Distribute Cocaine"** created by the federal conspiracy statutes 18 U.S.C. 371 or/and 21 U.S.C 846 of our legislatures/congress. See, American Tobacco Co v United States, 90 LED 1575, 328 US 781 (1946). Conspiracy to commit a crime is different offense from the crime that is the object of the conspiracy.

### Part "A"

**THE GOVERNMENT DOES NOT HAVE THE POWER TO PROSECUTE NON-FEDERAL OFFENSES THAT ARE NOT CRIMES/OFFENSES AGAINST THE LAWS OF THE UNITED STATES – THEREFORE, CONSPIRACY TO DISTRIBUTE AND CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE MUST BE BARRED BECAUSE THEY ARE NOT FEDERAL OFFENSES IN LIGHT OF 18 U.S.C. 3231 AND 18 U.S.C. 18 U.S.C. 4001(A)...**

The courts are fully aware that the government can only prosecute and adjudicate federal offenses. See, **18 U.S.C. 3231** and **18 U.S.C. 4001(a)**. United States v Bane, 948 F.3d 1290 (11th Cir. 2020).

The District Court must acknowledge that they cannot prosecute "conspiracy to Distribute Cocaine and also the court cannot prosecute "Conspiracy to possess with intent to Distribute Cocaine" as being crimes/offenses against the laws of the United States. See, United States v Muresanu, 951 F.3d 833 (7th Cir. 2020).

As here, the federal criminal code does not contain a "Conspiracy to Distribute Cocaine" and the "Conspiracy to possess with intent to Distribute Cocaine"; Conspiracy to Distribute Cocaine and "Conspiracy to possess with intent to Distribute Cocaine"- are not federal offenses. 21 U.S.C. 846 does not specify "Conspiracy to Distribute or Conspiracy to possess with intent to Distribute within the statutory definition of the crime itself. The statute 21U.S.C 846 does not prescribe no prohibited acts of federal drug trafficking crimes period. Thus, the Non-Detention

Act of Congress Bars the court from prosecuting Non-Federal offenses in light of 18 U.S.C. 4001(a).

The U.S Supreme Court has instructed Courts to use caution in labeling errors jurisdictional. Jurisdiction refers to the court's statutory or constitutional power to adjudicate the case. Federal district courts have statutory power to adjudicate prosecutions of Federal Offenses. **18 U.S.C.S. 3231**. Because the prosecution must be for a federal offense, the court have held that when an indictment affirmatively alleges conduct that is not a federal offense, it does not invoke the district court's jurisdiction to enter judgment or accept a guilty plea.

### UNDER TITLE 21 U.S.C. 846 CONGRESS DOES NOT CRIMINALIZE: "CONSPIRACY TO DISTRIBUTE NARCOTICS – AND THE "CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE COCAINE IN LIGHT OF 21 U.S.C. 846

The crux of Mr. Rodriguez argument revolves around Non-Federal offenses of our Congress, such as -"Conspiracy to Distribute" and the "Conspiracy to possess with intent to Distribute Cocaine" are conclusively not cognizable federal offenses that were created under 21 U.S.C. 846 and 18 U.S.C. 371- Federal Criminal Codes and Rules. See, United States v Brown, 752 f.3d 1344 (5th & 11th Cir. 2014).

A district court lacks subject matter jurisdiction where the indictment fails to invoke the district court's statutory authority under **18 U.S.C.S. 3231** over offenses against the laws of the United States.

Howe v Smith, 101 S. Ct. 2468, 69 LED 2D 171, 452 US 473 (1981) Under 18 U.S.C. 4001(a) No citizen shall be imprisoned or otherwise detained by the United States except pursuant to an Act of Congress.

The charged Defendant avers that he is being held by federal authorities illegally because neither 21 U.S.C. 846 nor any other provision authorizes his Detention. In particular, the defendant asserts that title 21 U.S.C. 846 does make criminal the following "Common Law Crimes", such as "Conspiracy to Distribute Cocaine and also "Conspiracy to possess with intent to Distribute Cocaine.

In every case involving the interpretation of a federal statute, analysis must begin with the language employed by Congress. However, Mr. Rodriguez asserts that "Conspiracy to Distribute Cocaine and Conspiracy to possess with intent to Distribute Cocaine under 21 U.S.C.

3

846 are not Acts of Congress- Providing for conspiracies" within the meaning of 21 U.S.C. 846 non generic federal conspiracy statute.

Therefore, the Common Law Crimes of "Conspiracy to Distribute Cocaine and Conspiracy to possess with intent to Distribute Cocaine both together is not an "Act of Congress within the meaning of 21 U.S.C. 846 and, hence, that jurisdiction is not conferred under that statute. Conspiracy to distribute cocaine is not an Act of congress nor a criminal rule. See, United States v Clark, 4 F. Supp. 2d 940 (9th Cir 1998).

**21 U.S.C. 846 DOES NOT PENALIZE NOR PROHIBITS "CONSPIRACY TO DISTRIBUTE COCAINE" OR "CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE COCAINE" – AN INTERVENING VIOLATION OF CONSPIRACY TO DISTRIBUTE COCAINE AND CONSPIRACY TO POSSESS COCAINE WITH INTENT TO DISTRIBUTE ARE NOT AN "OFFENSE" UNDER 18 U.S.C.S. 3156(A)**

The crux of Mr. Rodriguez substantive argument stands on the solid grounds that "a violation of 21 U.S.C. 846 for "Conspiracy to Distribute Cocaine and Conspiracy to possess with intent to distribute cocaine are not an "offense" as defined under 18 U.S.C.S. 3156(a); a criminal charge of Conspiracy to distribute and to conspiracy to possess cocaine is not necessarily criminal, does not contravene an Act of Congress, and must be Barred of prosecution. See, United States v Jensen, 705 f.3d 976 (9th Cir. 2012)

**18 U.S.C. 3156 (a)(2), (3). In sum, the statute defines an "Offense" or "felony" as an offense that is (1) criminal; (2) in violation of an Act of; and (3) tri-able in federal in federal court.**

A charge of "Conspiracy to distribute cocaine" or "Conspiracy to Possess cocaine with intent distribute meets none of the three requirements of 18 U.S.C.S. 3156(a)(2). First, a Conspiracy to distribute narcotics is not necessarily criminal. Mr. Rodriguez's of "Conspiracy to distribute cocaine" and "Conspiracy to possess with intent distribute cocaine" is not crime. Second, "Conspiracy to distribute cocaine" and "Conspiracy to possess with intent to distribute cocaine" not Acts of Congress.

### 3156. Definitions

(a) As used in section 3141 – 3150 of this chapter [18 U.S.C.S. 3141 – 3150]

(2) the term "offense" means any criminal offense, other than an offense triable by court-martial, military commission, provost court, or other military tribunal, which is in violation of an Act of Congress and is triable in any court established by Act of Congress;

(3) The term "felony" means an offense punishable by a maximum term of imprisonment of more than one year- -

The definition of "offense" under 18 U.S.C.S. 3156(a)(2) clearly excludes Non Offenses of Congress such as "Conspiracy to Distribute and "Conspiracy to posse with intent to Distribute cocaine.

Based on the above argument and case law authority the defendant Mr. Rodriguez request the District to take judicial notice of all the facts raised within the said motion to prevent a further miscarriage of justice.

Respectfully Submitted

_/s/_____

Certificate of Service

The charged defendant Mr. Rodriguez places said Motion in the Mailbox to be mailed to the following individuals:

_____

_____

Respectfully Submitted

_____