**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) ) ) | **CRIMINAL ACTION** |
| **v.** | ) ) | **NO.  4:19-40025-TSH** |
| **JUAN RODRIGUEZ,** | ) ) |  |
| **Defendant.** | ) ) |  |

**ORDER AND MEMORANDUM ON DEFENDANT RODRIGUEZ'S PRO SE MOTIONS (Docket Nos. 380, 381, 382, 383, 384, 411, 412, 413, 416, 417, 419, 420, 421, 423, 424, and 425)**

**January 20, 2022**

**HILLMAN, D.J.**

This order and memorandum concerns pending motions, filed pro se, by defendant Juan Rodriguez.  For the following reasons, the Court ***denies*** the motions.  Pending motions, filed by Mr. Rodriguez's counsel, will be addressed separately.  **The Court will not consider future pro se motions by Mr. Rodriguez.**  *See United States v. Tracy*, 989 F.2d 1279, 1285 (1st Cir. 1993) ("A district court enjoys wide latitude in managing its docket and can require represented parties to present motions through counsel.").

**Docket No. 380** - Motion to Exclude Evidence Re: Manufacturing or Distributing Drugs

Mr. Rodriguez is charged with conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846.  He argues that because he is not charged with the object of the conspiracy -- distribution of cocaine or possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) -- the government cannot introduce evidence of the object of

the conspiracy. He cites, as an example, evidence of phone calls and text messages between him and others discussing drug transactions. The Court disagrees. Evidence of drug transactions can be relevant to a charge of conspiracy, not just to a charge of the object of the conspiracy. *See United States v. Paredes-Rodriguez*, 160 F.3d 49, 55-56 (1st Cir. 1998) (discussing relevance of transactions to a conspiracy charge). The introduction of such evidence does not necessarily constitute a constructive amendment of the Indictment. *See United States v. Hernandez*, 490 F.3d 81, 84 (1st Cir. 2007) (primary purpose of the rule against constructive amendments is to ensure that defendants have notice of the charges against them). The motion is denied.

**Docket No. 381** - Motion to Clarify Whether Object of Conspiracy is Element of Crime

Mr. Rodriguez poses a legal question to the Court, not a request for clarification of a prior ruling. It is not the Court's role to provide legal advice. *See United States v. Arzate*, 2020 WL 5409000, at *1 n.1 (D. Mass. Sept. 9, 2020). The motion is denied.

**Docket No. 382** - Motion to Bar Prosecution as Unconstitutional

Mr. Rodriguez argues that the crime with which he is charged -- conspiracy to distribute and possess with intent to distribute cocaine -- is unconstitutional. He implies that the charge impermissibly merges 21 U.S.C. § 846 with 21 U.S.C. § 841, which are separate and independent provisions. The charged conduct is proscribed by 21 U.S.C. § 846, which states, "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." Within "this subchapter" is 21 U.S.C. § 841, which prohibits the distribution of cocaine and the possession of cocaine with the intent to distribute it. The Court sees nothing

constitutionally suspect with the statutory scheme or its application here. *See United States v. Pal-Alvarez*, 799 F.3d 12, 28 (1st Cir. 2015); *United States v. Sprofera*, 299 F.3d 725, 728 (8th Cir. 2002); *United States v. Slaughter*, 238 F.3d 580, 582 (5th Cir. 2000). The case of *Blockburger v. United States*, 284 U.S. 299 (1932), does not aid Mr. Rodriguez's argument. The motion is denied.

**Docket No. 383** - Motion to Exclude Evidence Re: Manufacturing or Distributing Drugs

Denied as duplicative of Docket No. 380.

**Docket No. 384** - Motion to Bar Prosecution of Offenses Not Created by Congress

Mr. Rodriguez argues that the provisions of 21 U.S.C. § 846 do not prohibit conspiracies to distribute or possess with intent to distribute cocaine. The Court disagrees. As stated, 21 U.S.C. § 846 provides, "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." Within "this subchapter" is 21 U.S.C. § 841, which prohibits the distribution of cocaine and the possession of cocaine with the intent to distribute it. Thus, 21 U.S.C § 846 prohibits conspiracies to distribute or possess with intent to distribute cocaine. The motion is denied.

**Docket No. 411** - Motion to Bar Prosecution Based on Quantity Allegation

Mr. Rodriguez argues that the Indictment should be dismissed because it invokes 21 U.S.C. 841(b), a penalty provision that does not itself constitute an offense. The Court disagrees. While the Indictment invokes 21 U.S.C. § 841(b), it charges Mr. Rodriguez under 21 U.S.C. § 846. The Indictment states a valid offense against the United States. The motion is denied.

**Docket No. 412** - Motion to Establish 21 U.S.C. § 846 as Unconstitutionally Vague

Mr. Rodriguez asserts that 21 U.S.C. § 846 is unconstitutionally vague. The Court is not persuaded. As stated, the statute provides, "Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." Within "this subchapter" is 21 U.S.C. § 841, which prohibits the distribution of cocaine and the possession of cocaine with the intent to distribute it. It is clear from the text of 21 U.S.C. § 846 that the crime of conspiracy carries the "same penalties" as the crime of the "object of the . . . conspiracy." It is equally clear, at the very least from case law, *see United States v. Paz-Alvarez*, 799 F.3d 12, 28 (1st Cir. 2015), that a person need not achieve the object of the conspiracy to be convicted of the crime of conspiracy, *see United States v. Marrero-Ortiz*, 160 F.3d 768, 773 (1st Cir. 1998) ("proof of direct participation in the sale of drugs is not required to convict in a drug conspiracy case"). Thus, the motion is denied.

**Docket No. 413** - Motion to Bar Prosecution on Double Jeopardy Grounds

Mr. Rodriguez contends that being charged under both 21 U.S.C § 846 and 21 U.S.C. § 841(b) violates the Double Jeopardy Clause. It does not. *See United States v. Felix*, 503 U.S. 378, 390-91 (1992) (conspiracy to commit an offense and the offense itself are separate offenses for double jeopardy purposes). In any event, Mr. Rodriguez is charged only under 21 U.S.C. § 846. The motion is denied.

**Docket No. 416** - Motion to Bar Prosecution as Unconstitutional

Denied as duplicative of Docket No. 382.

**Docket No. 417** - Motion to Bar Prosecution of Offenses Not Created by Congress

Denied as duplicative of Docket No. 384.

**Docket No. 419** - Motion to Take Judicial Notice of Definition of Conspiracy

The Court need not consider this motion because Mr. Rodriguez filed it pro se after the Court re-appointed counsel. *See United States v. Tracy*, 989 F.2d 1279, 1285 (1st Cir. 1993). The Court also is unsure what Mr. Rodriguez is requesting. To the extent he is reiterating his argument that 21 U.S.C. § 846 does not encompass conspiracies to distribute or possess with intent to distribute cocaine, his motion is denied.

**Docket No. 420** - Motion to Bar Prosecution Based on Quantity Allegation

Denied as duplicative of Docket No. 411.

**Docket No. 421** - Motion to Bar Sentencing Enhancement as Unconstitutional

The Court need not consider this motion because Mr. Rodriguez filed it pro se after the Court re-appointed counsel. *See United States v. Tracy*, 989 F.2d 1279, 1285 (1st Cir. 1993). Nonetheless, to the extent Mr. Rodriguez argues that the sentencing enhancements in 21 U.S.C. § 841(b) are unconstitutional, his argument is premature, and the motion is denied without prejudice. Mr. Rodriguez may renew this motion if he is convicted. To the extent Mr. Rodriguez argues that the Indictment impermissibly invokes 21 U.S.C. § 841(b), his motion is duplicative of Docket No. 411 and, for the reasons already stated, is denied.

**Docket No. 423** - Motion to Bar Prosecution Based on Quantity Allegation

Denied as duplicative of Docket No. 411.

**Docket No. 424** - Motion to Bar Prosecution on Double Jeopardy Grounds

Denied as duplicative of Docket No. 413.

**Docket No. 425** - Motion to Dismiss Charges on Speedy Trial Grounds

Mr. Rodriguez moves to dismiss the charges against him on speedy trial grounds. The Court need not consider this motion because Mr. Rodriguez filed it pro se after the Court re-appointed counsel. *See United States v. Tracy*, 989 F.2d 1279, 1285 (1st Cir. 1993). In any event, Mr. Rodriguez asserts that his speedy trial rights have been violated due to the government not being prepared for trial on December 6, 2021.[1]

Previously, when the Court continued the trial to December 6, 2021, the Court found that the delay was justified and not in violation of Mr. Rodriguez's Sixth Amendment rights. (Docket No. 286). The Court incorporates its prior findings and conclusions here.

On the morning of December 6, 2021, Mr. Rodriguez's co-defendant, Mr. Melendez, moved for a brief continuance of the trial. Mr. Melendez sought additional time to review evidence that had only recently -- days earlier -- become available to review at the detention center in which he was held. The government joined Mr. Melendez's motion, raising concerns that Mr. Rodriguez

---

[1] Mr. Rodriguez variably invokes the Speedy Trial Act, the Fifth Amendment, and the Sixth Amendment. Considering his arguments, the Court construes his motion to contend that the delay caused by the late availability of certain disclosed evidence violates his Sixth Amendment right to a speedy trial.

and Mr. Jean as well, both of whom were pro se and at the same detention center, might not have been prepared for trial. The Court and the parties discussed a brief continuance to January 10, 2022. Although Mr. Rodriguez stated that he was ready for trial and expressed reluctance about further delay, he ultimately agreed to the brief continuance. Accordingly, the Court reset the trial for January 10, 2022.

On January 4, 2022, due to a surge in COVID-19 cases, the judges of the United States District Court for the District of Massachusetts voted to suspend jury trials in the district until January 28, 2022. The decision followed a similar decision by the Massachusetts Supreme Judicial Court to pause all jury trials in state courts until January 31, 2022. As a result, the Court continued the trial to the earliest practicable date after January 28, 2022 on which the Court could commence a two-week, three-defendant trial -- March 14, 2022.

Even accepting Mr. Rodriguez's premise that the government is responsible for certain evidence becoming available to the defendants only days before trial, the government is not solely responsible for the trial not commencing on December 6, 2021. Most significantly, Mr. Rodriguez ultimately agreed to the delay. Because Mr. Rodriguez consented to the continuance, his assertion now that the continuance violates his speedy trial rights is unavailing.

Moreover, the additional delay of nine weeks (January 10, 2022 - March 14, 2022) past the agreed upon continuance, while unfortunate, is justified considering the COVID-19 pandemic. The Court recognizes that the lengthy delay in this case (over thirty months) is presumptively prejudicial. *See United States v. Handa*, 892 F.3d 95, 102 (1st Cir. 2018). That delay, however, especially in the past year, has largely been due to the COVID-19 pandemic, an external factor outside the control of the defendants, the government, and the Court. *See United States v. Smith*, 494 F. Supp. 3d 772, 783 (E.D. Cal. 2020). Although Mr. Rodriguez faces personal prejudice

7

from continued pretrial detention, the Court discerns no prejudice to his defense, and Mr. Rodriguez has identified none, caused by the additional delay. *See Doggett v. United States*, 505 U.S. 647, 654 (1992) (most serious form of prejudice is in inability of defendant adequately to prepare his case). Lengthy pretrial detention does not, on its own, give rise to a speedy trial violation. *See United States v. Casas*, 524 F.3d 23, 34 (1st Cir. 2005) (no speedy trial violation where defendants had been held for forty-one months). The Court acknowledges Mr. Rodriguez's current objection but finds that the additional delay is justified, necessary, and not in violation of his Sixth Amendment rights. Thus, his motion is denied.

## Conclusion

For the reasons stated, Mr. Rodriguez's pro se motions (Docket Nos. 380, 381, 382, 383, 384, 411, 412, 413, 416, 417, 419, 420, 421, 423, 424, and 425) are ***denied***. The Court will not consider future pro se motions by Mr. Rodriguez. Any future motions shall be filed through counsel.

**SO ORDERED**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**