UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>JUAN RODRIGUEZ,<br>      Defendant. | CRIMINAL ACTION<br>NO. 19-40025-TSH |

ORDER
January 21, 2022

**HILLMAN, D.J.**

### Background

Juan Rodriguez ("Rodriguez" or "Defendant") has been charged with conspiracy to distribute and possession with intent to distribute cocaine, in violation of 21 U.S.C. §846 (Count One). Rodriguez was arrested in Hawaii on the criminal complaint in this case and the Government moved to detain him pursuant to 18 U.S.C. §3142(f)(1)(C)(Defendant is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the "Controlled Substances Act") and (f)(2)(A) (risk of flight). A detention hearing was held on June 7, 2019, and the court, Mansfield, M.J., granted the motion to detain Rodriguez as on the grounds that he is a danger to the community and risk of flight. Rodriguez was ordered to be held pending trial and was transferred to this District.

On September 3, 2019, Rodriguez filed a motion to revoke the order of detention on the grounds that he is not a risk of flight and that there are conditions, or a combination of conditions that can assure that he is not a danger to the community. *See* Docket No. 50. After hearing, I denied Rodriguez's motion finding that he had failed to rebut the presumption of detention on risk of flight/dangerousness grounds. Furthermore, irrespective of the presumption, I found by preponderance of the evidence, that that he was a risk of flight and by clear and convincing evidence, that he is a danger to the community, and that there are no conditions or combination of conditions that would assure the safety of another person or the community if he were released, or his appearance as required.

On May 4, 2020, Rodriguez filed a motion for release from custody due to the dangers posed to the health and welfare of incarcerated inmates as the result of the ongoing COVID-19 pandemic. *See* Docket No. 140. After hearing, Magistrate Judge Hennessy denied Rodriguez's request for release after finding that he remains a danger risk as he had committed the offenses alleged in the Indictment while on release in a Massachusetts state court case and he had not carried his burden to establish his entitlement to release. *See* Docket Entry No. 151.

This Memorandum and Order addresses the Renewed Motion To Revoke Detention Order Pursuant to 18 U.S.C. §3164 (Docket No. 429).   With consent of Rodriguez, the hearing on this motion was held via video conference on January 19, 2022. For the reasons set forth below, the motion is *denied*.

**Discussion**

Standard of Review; Rebuttable Presumption

This Court conducts a *de novo* review of the Order to detain Rodriguez. Rodriguez is charged with a drug offense for which the maximum penalty is 10 years or more— consequently, the rebuttable presumption set forth in 18 U.S.C. §3142(e) applies. Accordingly, there is a presumption that Rodriguez is both a danger to the community and risk of flight. Rodriguez can rebut that presumption upon showing by a preponderance of evidence that there are conditions or a combination of conditions that will assure his appearance as required, or by clear and convincing evidence that there are conditions or a combination of conditions that will assure that he is not a danger to any other person and the community.

Rodriguez's History and Characteristics

Rodriguez is a life-long resident of Central Massachusetts. At the hearing held on Rodriguez's first motion for release, his lawyer stated that his residence was in Southbridge, Massachusetts with his significant other and prior to being arrested, had been living there for over a year. However, Rodriguez told pretrial services in Hawaii that his address was 69 Cutler Street in Worcester Massachusetts and that he has lived there with his father for the 3 years prior to his arrest (his father owned the property). He also reported the Cutler Street address as his residence when arrested on state charges and his car is registered to Cutler Street. Pursuant to a search warrant issued in this investigation, cocaine, crack cocaine, guns, ammunition, drug paraphernalia and other items related to drug activity were found during a search of the Cutler Street residence. Rodriguez's father verified the information he provided pretrial services—in fact, he told pretrial services that he and Rodriguez had lived together on the second floor of 69

3

Cutler St. for 10 years.   At the most recent hearing, Rodriguez's lawyer informed the Court that the Cutler St. residence had been sold. Rodriguez is the owner of a barbershop in Worcester, MA.

Rodriguez's prior criminal history includes the following offenses which were continued without a finding and then dismissed: motor vehicle offenses, disorderly conduct/resisting arrest, assault and battery on a police officer/resisting arrest, trafficking in a Class B substance, possession of ammunition w/o a license and possession of a stun gun. He also has a felony conviction for assault and battery with a dangerous weapon.   Rodriguez currently has charges pending against him for trafficking of a person under the age of 18 for sexual servitude for which he was released on $50,000 cash bail. The offense charged in this case is alleged to have occurred while the state charge for sex trafficking was pending. Rodriquez has also been charged with additional state criminal charges while the sex trafficking case was pending.   Rodriguez has at least five defaults on his record, but none appear to be for failure to appear

<u>Rodriguez's Grounds for Revoking the Detention Order and Proposed Conditions</u>

Rodriguez asserts that the nature and circumstances of this case do not warrant detention, including that: (1) he has been in custody awaiting trial nearly 31 months and if convicted, he is unlikely to be sentenced to a term longer than he has already been incarcerated[1], and (2) he believes that in part, the Court denied his previous request for release because he proposed living with his father who also had strong ties to 69 Cutler St. where drugs and guns were found – his father has since sold that property and therefore, there is no longer any link to that property

---

[1] In his supporting memorandum, Rodriguez contends that if convicted, his guideline sentencing range could be as low as 12-18 months but concedes it could be as high as 46-57 months. The Government, on the other hand, calculates Rodriguez's potential guideline range to be at least 63-78 months.

4

where alleged criminal activity related to the current charges took place. He further contends that because he was never found in possession of controlled substances, he has a reasonable chance of being acquitted. Rodriguez also points to the continued health risks he faces while incarcerated given the ongoing pandemic and the significant uptick in cases due to the Omicron variant. His counsel proffered that were he released, he would become vaccinated. Counsel also argued that this is a complicated case and it would be substantially easier to prepare for trial were his client released.[2]

Rodriguez suggests that there are conditions that can be imposed to assure that he would appear as required and would not be a danger to any other person or the community if released. More specifically: (1) Pretrial Services could take a more active role in his supervision by providing, for example, funds for him to travel to court, helping him find stable housing, employment or education, text messaging him reminders to appear in court, and providing him childcare on court dates; (2) he would live with his father who would be willing to supervise him and act as third-party custodian; and (3) he be subject to electronic monitoring. Additionally, post hearing, Rodriguez's father offered to post his residence in Dudley, Massachusetts to secure

---

[2] Rodriguez further asserts that the Speedy Trial Act, 18 U.S.C. §3161 *et seq.* mandates that his detention be reviewed, and he be released because trial has not commenced within 90 days of his first being held in custody. *See* 18 U.S.C. §§3164(b),(c). The Government has set forth a detailed analysis of the progression of this case including the delays which have been necessitated due to the pandemic, motion practice, etc. I agree with the Government that such delays have been expressly excludable under the Speedy Trial Act and/or warranted by the interests of justice exemption, *see* 18 U.S.C. §3161(h), *and* most, if not all, have been consented to by all parties. Accordingly, few if any actual days have been chargeable against the speedy trial clock and therefore, Court need not address this argument any further.

The Court further notes that in his motion, Rodriguez makes a *passing* reference to a Speedy Trial Act violation due to the trial not having commenced within 70 days from the filing date (public) of the Indictment/his initial appearance on such charge. *See* 18 U.S.C. §3161(c)(1). His counsel then argued in support of such ground for relief at the hearing. First, Rodriguez did not properly raise this issue in his motion and therefore, for present purposes it is waived. Second, even if the Court were to address the issue, it would fail for as for the same reasons that the Court finds there has been no violation of Sections 3164 (b) and (c) of the Speedy Trial Act.

his son's release. Based on a Zillow estimate of the value of that house, it appears that Rodriguez *may* have equity in excess of $200,000 in the house.

Whether Detention Is Warranted

Rodriguez is charged with being part of a drug conspiracy which distributed 500 or more grams of cocaine. The Indictment does not charge that 500 or more grams of cocaine was foreseeable to Rodriguez and he is not facing a mandatory/minimum sentence. Title III wiretaps were utilized in this case and Rodriguez was captured in at least three incriminating phone calls. Moreover, drugs, drug paraphernalia, guns and ammunition were seized at an address to which he has strong ties. I find that the evidence against him in this case is substantial if not overwhelming.

This is a rebuttable presumption case, that is, under 18 U.S.C. '3142(e), there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of Rodriguez or the safety of the community if he is released.   I find that Rodriguez has failed to produce or proffer any credible evidence on his own behalf to rebut this presumption, and therefore, detention is justified.   *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985); *United States v. Vires*, 637 F. Supp. 1343, 1351 (W.D.Ky. 1986). Nevertheless, I will examine whether, independent of the rebuttable presumption, detention is warranted.

Rodriguez asserts that if convicted in the upcoming trial (which is scheduled for March 14, 2022), there is a possibility he will be acquitted and if not, that he will face a potential guidelines sentence of 18-20 months. However, the evidence against Rodriguez is substantial, if not overwhelming. Moreover, he concedes that his potential guideline range could be 46-57

months, and the Government asserts that it more likely he will face a guideline sentencing range of at least 63-78 months. Under the circumstances, I find that if convicted, there is little chance that Rodriguez would be sentenced to time served, that is, he will not be imprisoned for longer than any potential sentence he faces. Moreover, his proposal that he live with his father and that his father act as third-party custodian remains troublesome given that both Rodriguez and his father stated that for a number of years, they lived together at 69 Cutler Street where significant evidence of criminal activity was found during a search conducted pursuant to a warrant—this remains true regardless of the fact that Rodriguez's father no longer owns the property. Post hearing, Rodriguez suggested that if the Court did not agree to release him into the custody of his father, he could reside with a female in Worcester, Massachusetts—the Court has no information regarding this female or her relationship to Rodriguez.

     Additionally, while I'm not sure it is relevant to this inquiry given my findings that Rodriguez continues to be a danger to the community and risk of flight, I do not find that the current uptick in COVID cases at Wyatt Detention Center warrants his release. First, while extremely contagious, the Omicron variant which presently accounts for most positive COVID cases is reported, in general, to produce milder symptoms. Secondly, I find Rodriguez's suggestion that if released he would get vaccinated to be disingenuous-- the vaccine has been available at detention facilities for months, yet Rodriguez, despite having filed a previous motion to revoke detention due to the severity of the virus (which was denied by Magistrate Judge Hennessy), has chosen not to be vaccinated. Simply put, nothing which Rodriguez has argued or presented at the hearing, or post hearing regarding posting of security or a different proposed

residence/third party custodian, alters the findings made in my ruling on his first motion to revoke his detention, which I restate below.

I find by a preponderance of the evidence that Rodriguez is a risk not to appear as required. Given Rodriguez's prior criminal record that includes drug charges and crimes of violence (which were continued without a finding), that he has a felony assault and battery conviction, that he was released on bail on sex trafficking charges when the current offense is alleged to occurred, and he was charged with further state offenses while that charge was pending, I find by clear and convincing evidence that Rodriguez is a danger to the community and that there are no conditions or combination of conditions that would assure the safety of another person or the community if he were released.

## Conclusion

The Renewed Motion To Revoke Detention Order Pursuant to 18 U.S.C. §3164 (Docket No. 429) is ***denied***.

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**U.S. DISTRICT JUDGE**