United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America ) | |
| ) | Case No. 19-cr-40025-TSH |
| v. ) | |
| ) | FILED IN CLERKS OFFICE |
| Juan Rodriguez ) | |
| Defendant, ) | FEB 14 '22 PM4:33 USDC MA |

## DEFENDANT PRETRIAL MOTION TO BAR THE PROSECTION AND LOWER COURT JUDGE FROM USING 21 U.S.C. 846 CONSPIRACY STATUTE TO CIRCUMVENT THE ENTIRE FEDERAL DUE PROCESS CLAUSE TO CONVICT AND SENTENCE DEFENDANTS UNDER 21 U.S.C. 841(A)(1) WITHOUT A JURY DETERMINATION BY DEFENDANT PEERS. PURSUANT TO FED. R. CRIM. P. 12(B)

Now into court comes the charged defendant Juan Rodriguez in the above style and cause motion moves this honorable Court to Bar the prosecution and this lower court trial judge from prosecuting and convicting the charged defendant Mr. Juan Rodriguez of uncharged criminal offenses created under title 21 U.S.C. 841(a)(1) without a jury trial in light of Cole v Arkansas, 333 U.S. 644 (1948).

*It was held, in an opinion by Black, J., that an affirmance of this kind had the effect of convicting the defendants without a trial, and was therefore a violation of procedural due process under the Fourteenth Amendment. Cole v Arkansas, Supra.*

Defendant's conviction could not stand because defendants were unconstitutionally convicted of offenses for which they were not charged.

The Highest in the land [Supreme Court] mandates; "**A Conviction Upon A Criminal Charge Not Made Is A Denial Of Due Process.**" **DE JONGE v OREGON, 299 U.S. 353 (1937)**

1

## Part "A"

## IT IS UNCONSTITUTIONAL FOR CONGRESS TO CREATE A STATUTORY PROCEDURE THAT ALLOWS THE PROSECUTION AND LOWER COURT DISTRICT JUDGE TO PROSECUTE, CONVICT, AND ADJUDICATE A SENTENCE WITHOUT AFFORDING DEFENFENDANT'S DUE PROCESS NOTICE AND HIS CONSTITUTIONAL RIGHT TO A JURY TRIAL. . .

The crux of Mr. Rodriguez claim revolves around our Legislature/Congress unconstitutional statutory procedure created under title 21 U.S.C. 846 that operates depriving litigants of their substantive due process notice along with convicting defendants for uncharged crimes without a jury. Cole v Arkansas, 333 U.S. 196 (1948).

The government cannot prosecute 21 U.S.C. 841(a)(1) under title 21 U.S.C. 846 without being in violation of the Federal Due Process Notice. See RE OLIVER, 333 U.S. 257 (1948). The guaranty of the Fourteenth Amendment that no one shall be deprived of his liberty without due process of the law makes it improper to sentence an accused to prison without a public trial.

The unconstitutional procedure created by congress under title 21 U.S.C. 846 conspiracy statute is used by the government and lower court to convict Mr. Rodriguez without a Jury for being in violation of title 21 U.S.C. 841(a)(1).

In the present case at hand Mr. Rodriguez contends that the statutory procedure utilize by the court to convict the charged defendant for being in violation of 21 U.S.C. 841(a)(1) without a jury deprives Mr. Rodriguez of his liberty without affording him of his Due process of law.

The Supreme Court has mandated: "We further hold that failure to afford the petitioner a reasonable opportunity to defend himself against the uncharged allegations was a denial of due process of law. RE OLIVER, Supra.

2

A person's right to reasonable notice of a charge against him, and an opportunity to be heard in his defense-a right to his day in court-are basic in our system of jurisprudence; and these rights include, as a minimum, a right to examine the witness against him, to offer testimony, and to be represented by counsel.

Convicting defendant Mr. Juan Rodriguez for a conspiracy charge under 846 and then passing a criminal sentence for violating **21 U.S.C. 841(a)(1)-(b)(1)(b) 500** grams or more of cocaine possession uncharged crime without a jury, constitutes a denial of procedural due process in violation of the Fifth and Fourteenth Amendment.

It is a denial of due process to convict, without notice and a trial. **See Cooke v United States, 267 U.S. 517 (1925); and Cole v Arkansas, 333 U.S. 196 (1948).** Thus, It is as much a violation of due process to send an accused to prison following conviction of a charge on which he was never tried as it would be to convict him upon a charge that was never made.

Mr. Juan Rodriguez argues that his due process rights are being violated by the court based upon solid grounds of the government detaining him in pretrial detention facility for "uncharged criminal conduct" – for crime different from the one charged. The Sixth Amendment provides that "in all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation.

It is Unconstitutional for our Legislature's to create a statutory procedure scheme, such as the scheme that's utilize under title 21 U.S.C. 846 that requires the government and district court judge to convict a defendant under a separate statute, such as 21 U.S.C. 841 without giving the charged defendant due process notice.

Title 21 U.S.C. 846 conspiracy statutory procedure was created by our congress as a scheme to that would be utilized by the government and to empower the courts to prosecute, convict, and sentence defendants for numerous uncharged overt acts without a jury. See Jackson v Virginia, 443 U.S. 307 (1979).

"It is axiomatic that a conviction upon a charge not made or upon a charge not tried constitutes a denial of due process" (emphasis Added); see also Cole v Arkansas, 333 U.S. 196 (1947). Thus, this is not new to the First Circuit Court Of Appeals- See Cola v Reardon, 787 f2d 681 (1st Cir 1986). The First Circuit made it clear that:

*To uphold a conviction on a charge that was neither alleged in an indictment nor presented to a jury at trial offends the most basic notions of due process. Few constitutional principles are more firmly established than a defendant's right to be heard on the specific charges of which he is accused. See Eaton v Tulsa, 415 U.S. 697, 698-699 (1974); (per curiam); Garner v Louisiana, 368 U.S. 157 (1961); Cole v Arkansas, 333 U.S. 196 (1948); De Jonge v Oregon, 299 U.S. 353 (1937).*

**In Garner v Louisiana, 368 U.S. 157 (1961).** The Supreme Court has held that; "A state conviction of crime totally devoid of evidentiary support is unconstitutional under the due process clause of the Fourteenth Amendment.

In the present case at hand Mr. Juan Rodriguez maintains that our Legislatures/Congress should not be able to create a procedural "Sentencing Scheme" that allows the government and the lower district court to conspire with one another to find Mr. Rodriguez guilty of uncharged crimes without affording him due process notice and his constitutional right to a jury trial. Garner v Louisiana, Supra.

**Part "b"**

**THE FEDERAL GRAND JURY NOT FINDING PROBABLE CAUSE FOR A VIOLATION OF TITLE 21 U.S.C. 841(A)(1) STATUTORY SUBSTANTIVE OFFENSE MUST FORBID/PREVENT THE GOVERNMENT FROM PROSECUTING 21 U.S.C. 841(A)(1) OFFENSE UNDER 21 U.S.C. 846 CONSPIRACY STATUTORY PROCEDURE SENTENCING SCHEME – LIGHT OF UNITED STATES V GREEN, 372 f. SUPP. 2D 168 (1ST CIR. 2005).**

As a matter of first impression the charged defendant Mr. Juan Rodriguez seeks to Bar the District Court from prosecuting, convicting, and adjudicating his sentence that stimulates from "Uncharged Crimes", such as 21 U.S.C. 841(a)(1) that constitute as "Aggravating Factors" that includes material allegations of manufactured falsified drug transactions that were not charged in the indictment because such "Allegations" were not presented to the grand jury. United States v Green, 372 f. Supp. 2d 168 (1st Cir. 2005).

In the present case at hand, Mr. Juan Rodriguez asserts the lower court should be Barred from seeking to prosecute "Uncharged Allegations" of 21 U.S.C. 841(a)(1) that is unrelated to the conspiracy statute 21 U.S.C. 846 – Based upon solid grounds of such Material Allegations not being presented to the federal grand jury. See, Midland Asphalt v United States, 109 S. Ct 1494 (1989)

The grand jury clause of the Federal Constitution's Fifth Amendment, which provides that no person shall be held to answer for a capital, or otherwise infamous, crime without a grand jury indictment, confers a *"Right Not To Be Tried when there is no grand jury indictment, and the common law* – law protections, including the protection of the requisite secrecy of grand jury proceedings, traditionally associated with a grand jury attach to the grand jury required by the provision; however, (1) only a defect so fundamental that it causes the grand jury no longer to be a grand jury, or the indictment no longer to be an indictment, gives rise to the Constitutional right not to be tried, and (2) an isolated breach of such traditional secrecy requirements as the prohibition, under Rule 6(e) of the Federal Rules of Criminal Procedure, of disclosure of matters occurring before a grand jury, does not give rise to this right.

5

As for the Grand jury Clause of the Fifth Amendment, that reads in relevant part as follows: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury". ***That does indeed confer a right Not to Be Tried (in the pertinent sense) when there is no grand jury indictment.*** Lawn v United States, 355 us 339, 349, 2 L Ed 321 (1958). Only a defect so fundamental that it causes the grand jury no longer to be a grand jury, or the indictment no longer to be an indictment, gives rise to the Constitutional Right Not To Be Tried.

The Constitution grants to every citizen the right not to be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of grand jury. U.S. Const. amend. V. Green, Supra.

An accusation which lacks any particular fact which the law makes essential to punishment is no accusation within the requirements of the common law, and it is no accusation in reason. See, United States v Green, 372 F. Supp. 2d 168 (1st Cir 2005). The First Circuit Court of Appeals mandated that; "Every defendant has the right to insist that the prosecutor prove to a jury all facts legally essential to the punishment."

Courts have suggested that the Sixth Amendment petit jury requirement and the Fifth Amendment's indictment clause are both components of a two-tiered process of procedural protections. Facts "essential" to punishment must therefore be screened by a grand jury prior to their submission before a petit jury. Accordingly, an aggravating factor (even nonstatutory) must be found by a grand jury before it can be used by the government to justify a death sentence.

Mr. Juan Rodriguez contends that 21 U.S.C. 846 conspiracy statute does not cover or criminalize criminal conduct prohibited under title 21 U.S.C. 841(a)(1) – Therefore, it is more than

6

evident that the federal Grand Jury never made a determination to indict Mr. Rodriguez for being in possession of more than 500 grams or more of powder cocaine.

The U.S. Supreme Court has interpreted the Fifth Amendment's Indictment Clause to require that the criminally accused have a substantial right to be tried only on charges presented in an indictment returned by a Grand jury. United States v Green, 372 F. Supp. 2d 168 (1st Cir. 2005).

To truly assess the sufficiency of an aggravating factor such as 21 U.S.C. 841(a)(1) under the federal drug conspiracy statute 21 U.S.C. 846, the grand jury would have to determine whether Mr. Rodriguez Actually was in possession of 500 grams or more of real powder cocaine.

The government is Barred from charging, prosecuting, convicting and sentencing Mr. Rodriguez under a higher severe different statutory offense other than the one that he has been charged.

As here, title 21 U.S.C. 841(a)(1) is a separate and independent functioning statutory criminal offense that cover different "Criminal Conduct" then the actual criminal statute 21 U.S.C. 846 conspiracy statutory offense.

Based upon the above cited case law and Supreme Court authority Mr. Rodriguez seeks the court to use its "Supervisory Powers" to Bar the Government from prosecuting, convicting, and sentencing the defendant to criminal charges not found by the grand jury.

**Part "C"**

**THE LEGISLATURE 21 U.S.C. 846 CONSPIRACY STATUTE IS UNENFORCEABLE AND UNCONSTITUTIONAL BECAUSE IT ENFORCES THE COURT TO SENTENCE THE DEFENDANT TO A DIFFERENT CRIME THAT LACKED EVIDENTIARY SUPPORT AND WAS NOT FOUND BY THE GRAND JURY IN LIGHT DE JONGE V OREGON, 299 U.S. 353 (1937); AND COLE V ARKANSAS, 333 U.S. 196 (1948)**

The gravamen of Mr. Rodriguez claim stand upon solid grounds that it is Unenforceable and Unconstitutional for the Legislatures/Congress to create a statute such as 21 U.S.C. 846 to enforce the government and district court judge to prosecute, convict, and adjudicate a sentence without evidentiary support upon the charged defendant for a violation of 21 U.S.C. 841(a)(1) without a jury. Garner v Louisiana, 368 U.S. 157 (1961).

The Supreme Court in the case of Garner v Louisiana, Supra has made it perfectly clear that: "It is as much a denial of Due Process to send an accused to prison following conviction for a charge that was never made as it is to convict him upon a charge for which there is no evidence to support that conviction.

However, the evidence presented to grand jury and the lower court proves the commission of some other crime such as title 21 U.S.C. 846 conspiracy statutory offense. Therefore, the government would have to acknowledge that there was absolutely no evidence to support a prosecution, conviction, and sentence under 21 U.S.C. 841(a)(1).

We must take the indictment as thus construed, especially where here 21 U.S.C. 841(a)(1) offense has not been charged by the federal grand Jury. And stand firm by the Supreme Court holding and hold that; A Conviction upon a charge not made would be sheer denial of due process.

Based upon the federal due process notice and Mr. Rodriguez's constitutional Sixth Amendment right to a jury trial should not be diluted to allow the government to circumvent the entire federal constitution.

**Part "D"**

**THE DEFENDANT DUE PROCESS NOTICE REQUIREMENT BAR FEDERAL PROSECUTION OF TITLE 21 U.S.C. 841(a)(1) UNDER 21 U.S.C. 846 WHERE INDICTMENT FAILURE TO PROVIDE NOTICE OF THE "SPECIFIC CHARGE"/"OVERT ACT" – ESPECIALLY WHEREHERE TITLE 21 U.S.C. 846 PROCEEDS TO DESCRIBE A NUMBER OF OFFENSES...**

The defendant Mr. Rodriguez's federal indictment charges violates his Due Process notice and fails to state an offense and lacks notice of any controlling "Overt Act". United States v Martin, 228 f3d 1, (1st Cir. 2000).

The First Circuit Court of Appeals in the case of United States v Martin, Supra has held that;

*"In order to find a defendant guilty of conspiracy, the prosecution must prove (1) that an agreement existed, (2) that it had an unlawful purpose, and (3) that the defendant was a voluntary participant. The government must prove that the defendant possessed both the intent to agree and the intent to commit the substantive offense. In addition, the government must prove that at least one conspirator committed an "Overt Act", "that is an affirmative step toward achieving the conspiracy's purpose. Martin, supra. (Emphasis added).*

A conviction for conspiracy does not require that the defendant was successful in the underlying offense, but only that an agreement to commit the underlying offense existed, and that at least one co-conspirator committed an "Overt Act' in furtherance of the conspiracy.

Mr. Juan Rodriguez federal Grand Jury indictment in the present case at hand, fails to provide defendant with adequate notice of specific charged offenses against which he could prepare a defense since the whole entire indictment has failed to allege a specific incident of unlawful conduct.

Minimal due process requires that a defendant be afforded adequate notice of the offense with which he is charged. <u>It is a corollary and equally axiomatic principle of due process that a person charged with a particular offense cannot be convicted of another and distinct offense</u>

9

<u>even though the other is closely related or of the same general character. Garner v Louisiana, 368 U.S. 157 (1961); Cole v Arkansas, 333 U.S. 196 (1948).</u>

In Cole v Arkansas- the Supreme Court has held that; Defendants' convictions could not stand because defendants were unconstitutionally convicted of offenses for which they were not charged.

**Part "E"**

**DEFENDANT DUE PROCESS NOTICE AND THE UNITED STATES CONSTITUTION BARS THE GOVERNMENT AND THE LOWER COURT FROM SENDING MR. RODRIGUEZ TO PRISON FOLLOWING CONVICTION FOR "MATERIAL ALLEGATIONS/CRIMINAL CHARGES" THAT WAS NEVER MADE**

The gravamen of Mr. Rodriguez's argument stands upon the sole position that the uncharged material allegations under 21 U.S.C. 841(a)(1) does not apply because Due Process Notice requirement bars any criminal prosecution that based upon charges not founded by federal grand jury.

The law is clear that the United States Government cannot send a man to prison without affording that individual his Due Process of law rights. See, Cole v Arkansas, 333 U.S 196 (1948).

Mr. Juan Rodriguez contends that he was not given adequate notice that he could be found guilty of 21 U.S.C. 841(a)(1) and sentence to possession of narcotics based on a judicial fact finding statutory procedure that allows the court to circumvent the entire federal constitution to sentence a man to prison based upon facts not found by the Grand jury. Breest v Cunningham, 725 F.2d 8 (1st Cir. 1985).

Mr. Rodriguez contends: **His Due Process Notice Requires that his Federal Indictment must inform him of all material allegations not limited to; Nature of Uncharged Overt Acts, Circumstances of each particular Defendant's Participation in the Conspiracy, and the Dates and Locations of the actual drug transactions**. De Jonge v Oregon, 81 LED 278, 299 US 353 (1937); Pettibone v United States, 148 U.S. 197 (1893).

In an indictment all the material facts and circumstances embraced in the definition of the offense must be stated or the indictment will be defective; any essential element of the crime cannot be supplied by implication. Pettibone, Supra.

### *The Supreme Court mandated in Thompson v Louisville, 362 U.S. 199 (1960). The Court has held; "Just as a conviction upon a charged not made would be sheer denial of due process to convict and punish a man without evidence of his guilt.*

The Supreme Court of Louisiana has also held that an accused may not be convicted on pleadings which fail to state the specific crime with he is charged. See Garner v Louisiana, 368 U.S. 157 ()

The guaranty of the Fourteenth Amendment that no one shall be deprived of his liberty without due process of law makes it improper to sentence an accused to prison without a public trial. Re Oliver, 333 U.S. 267 (1948)

All uncharged criminal conduct that the government intends to use during trial to convict the charged defendant Mr. Rodriguez of violating title 21 U.S.C. 846 federal conspiracy statute must be "known/ charged" in his federal indictment before the trial proceedings commence. See Re Ruffalo, 390 US 544 (1968).

On Certiorari, the United States Supreme Court reversed. In an opinion by Douglas, J., expressing the views of five members of the court, it was held that since there was a lack of fair

11

notice as to the reach of the state disbarment proceedings and the precise nature of the charges, the petitioner was deprived of procedural due process.

Based upon Mr. Rodriguez due process notice and his federal constitutional rights the Court should take judicial notice of all facts that has been raised now before the court to help prevent a miscarriage of justice.

**Part "F"**

## MR. RODRIGUEZ'S FEDERAL DUE PROCESS NOTICE REQUIREMENT HAS BEEN VIOLATED IN THIS CASE BECAUSE HIS GRAND JURY INDICTMENT FAILS TO STATE A SUBSTANTIVE OFFENSE THAT HAS BEEN DEFINED UNDER TITLE 21 U.S.C.

The crux of Mr. Rodriguez's argument revolves around the federal drug trafficking conspiracy statutory regime created by our congress applying to a number of offenses defined in the controlled substance chapter. ***De Jonge v Oregon, 299 U.S. 353 (1937).***

Mr. Rodriguez's Due process notice requirement has been violated because his charged indictment fails to charge an "Overt Act" to substantiate the conspiracy under 21 U.S.C. 846.

The first Circuit Court of Appeals in the case of ***United States v Martin, 228 F.3d 1 (1st Cir. 2000),*** has mandated: "in order to find a defendant guilty of conspiracy, the prosecution must prove (1) that an agreement existed, (2) that it had an unlawful purpose, and (3) that the defendant was a voluntary participant. **The government must prove that the defendant possessed both the intent to agree and the intent to commit the substantive offense. In addition, the government must prove that at least one conspirator committed an "Overt Act" "that is an affirmative step toward achieving the conspiracy's purpose.**

## The Major Problem Here;

The Conspiracy statute created under **title 21 U.S.C. 846** which punishes participation in the conspiracy for unlawful criminal acts that also defined under title 21 U.S.C. – offenses such as for an example**; Prohibited Acts - 21 U.S.C. 841, 21 U.S.C. 842, 21 U.S.C. 843, 21U.S.C. 844, 21 U.S.C. 841(d)(2), 21 U.S.C. 841(b), and Ect.**

A violation of 21 U.S.C. 846, which punishes conspiracy to violate any offense defined in Subchapter I of the Comprehensive Drug Abuse and Control Act of 1970. Subchapter I is comprised of 21 U.S.C. 801 – 904.

## THE DUE PROCESS NOTICE VIOLATION;

The Crux of Mr. Rodriguez's argument stands upon the position that his federal indictment does not set out the unlawful means/purpose of exactly what the charged defendant have done unlawfully.

When the criminality of a conspiracy consists in an unlawful agreement of two or more persons to compass or promote some criminal or illegal purpose, that purpose must be fully and clearly stated in the indictment; while if the criminality of the offense consists in the agreement to accomplish a purpose not in itself criminal or unlawful, by criminal or unlawful means, the means must set out. Pettibone v United States, 148 U.S. 197 (1893).

The failure of the grand jury indictment not charging any substantive underlying criminal offense that's defined under title 21 U.S.C. of the Comprehensive Drug and Control Act of 1970. Mr. Juan Rodriguez asserts that his charged indictment failure to allege how he participated in the charged conspiracy deprived him of adequate notice of the charges against him.

13

> *It is "the law of the land" that no man's life, liberty or property be forfeited as a punishment until there has been a charge fairly made and fairly tried in a public tribunal. Re Oliver, 333 U.S 257 (1948).*

Mr. Rodriguez contends that his federal indictment fails to state an offense because his federal indictment fails to allege an "Overt Act" – His indictment does not specify the date and location of his alleged unlawful acts/overt Acts that's a requirement to help substantiate his charged conspiracy.

The Supreme Court has made it crystal clear that; "notice of Specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, is the constitutional right of every accused in a criminal proceeding in all courts, state or federal. Cole v Arkansas, Supra.

## THE FIFTH CIRCUIT HAS EXPLAINED THAT IN ORDER SUCCESSFULLY TO PROSECUTE A CONSPIRACY, THE GOVERNMENT MUST BE ABLE TO POINT TO TWO SEPARATE PROVISIONS: ONE MAKING THE ACT OF CONSPIRING A CRIME AND ONE MAKING THE OBJECT OF THE CONSPIRING A CRIME. . .

The United States District Court of the Fifth Circuit in the case of Williams v United States, 684 F. Supp. 2d 807 (5th Cir. 2010), has held; "

**It is axiomatic that the elements alleged in an indictment must amount to an offense. Nearly thirty years ago, the United States Court of Appeals for the Fifth Circuit has explained that in order successfully to prosecute a conspiracy, the government must be able to point to two separate provisions: one making the act of conspiring a crime and one making the object of the conspiring a crime.**

To complete the crime of conspiracy at least one of the conspirators must be charged with the performance of at least one overt act in furtherance of the conspiracy. Herman v United States, 289 F.2d 362 (5th & 11th Cir. 1961).

In the case of United States v Falcone, 311 U.S 205 (1940), the gist of the offense of criminal conspiracy as defined by 37 of the Criminal Code (18 USC 88), is agreement among the conspirators to commit an offense attended by an act of one or more of the conspirators to effect the object of the conspiracy; and persons having no knowledge of the conspiracy are not conspirators.

**However,** in the present case at hand Mr. Rodriguez argues that his indictment fails to allege his illegal purpose, that purpose must be fully and clearly stated in the indictment – Due Process Notice requirement has been violated especially where here in Mr. Rodriguez's case his federal indictment only charges one provision. Thus, the government must acknowledge the fact that the government fails to specify any "Overt Act" within his grand jury indictment.

The First Circuit Court of Appeals in the case *of United States v Medina-Martinez, 396 f3d 1, (1st Cir. 2005),* mandated that: "In order to prove conspiracy, the government must prove that at least one conspirator committed an "Overt Act" to accomplish the object of the conspiracy.

### Conclusion

Based upon the above cited case law and Supreme Court authority Mr. Rodriguez request the District Court to use its Supervisory Powers and rule out the unconstitutional and unenforceable manufactured civil sentencing procedural scheme that operates taking people liberty away without a jury.

Respectfully Submitted