FILED IN CLERKS OFFICE

APR 18 '22 PM2:48 USDC MA

United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America ) | |
| ) | Case No. 19-cr-40025-TSH |
| v. ) | |
| ) | |
| Juan Rodriguez ) | |
|        Defendant, ) | |

**MOTION TO SET ASIDE AND VACATE GUILTY VERDICT THAT WAS BASED UPON AN UNCONSTITUTIONAL AND LEGALLY IMPERMISSIBLE THEORY BY MISINFORMING THE JURORS AS TO THE ACTUAL ELEMENTS OF THE OFFENSE SPECIFIC 841(B) PENALTY PROVISIONS IN LIGHT WELCH V UNITED STATES, 578 U.S. 120 (2016); AND HEDGPETH V PULIDO, 555 U.S. 57 (2008).**

Now into court comes the charged defendant Mr. Juan Rodriguez in the above style and cause moves the court to Vacate and Set Aside his Guilty Verdict that was based upon an unconstitutional and legally impermissible theory that defendant could be found guilty based on Judge made elements not supported by any statute of 21 U.S.C. 846 and 841. See, United States v Naghani, 361 f3d 1255 (9th Cir. 2003).

***Where a jury returns a general verdict is potentially based on a theory that was legally impermissible or unconstitutional, the conviction cannot be sustained because jurors, as non-lawyers, cannot be expected to eliminate the legally impermissible option. Naghani, 361 F. 3d 1255 (9th Cir. 2003).***

As in the present case at hand, Mr. Rodriguez asserts that the Jury may have relied on an impermissible legal theory in convicting him. Hedgepeth v Pulido, 555 U.S. 57 (2008). Federal Court of Appeals' judgment-affirming grant of federal habeas corpus relief to prison inmate-vacated, and case remanded for harmless- error review, as it remained for Court of Appeals to determine whether flaw in jury instructions had substantial effect on verdict.

1

A conviction based on a general verdict is subject to challenge if the jury was instructed on alternative theories of guilt and may have relied on an invalid one. **(As in the case at hand, the Verdict Form permitted the jurors to convict the defendants based upon a legally impermissible theory).**

## Facts that was presented at trial:

The government has presented an array of uncharged events of phone conversations during Mr. Rodriguez's trial and text messages that the government alleged were well established drug conversations.

The government showed the jurors that the Charged defendants was the very best friends and that they purchased vehicles, rented cars together and would share with one another.

However, throughout the whole trial process never once has the government presented any type of evidence whatsoever that would establish before the jurors that anyone of the charged defendants have been arrested and charged with possession of narcotics.

## Brief Summary of Argument;

This honorable District Court trial Judge Verdict form permitted the jury to convict the charged defendant on a legally impermissible theory. Here, the jury Verdict form permitted the jurors to find the defendant guilty for violation of an uncharged 21 U.S.C. 841(b) possession of narcotics offense. Hedgpeth v Pulido, 555 U.S. 57 (2008).

The district court trial Judge has misinformed the Jurors by requesting the jurors to find the defendant Mr. Rodriguez guilty for committing a non-cognizable federal offense. The combination of a violation of 21 U.S.C. § 841(b) and 21 U.S.C. § 846, does not state an offense.

See, United States v Meacham, 626 F2d 503 (5th & 11th Cir. 1980); and United States v McGee, 854 F2d 905 (6th Cir. 1988).

The combination of 21 U.S.C. 841(b) and 846 being charged together and being submitted to the jurors as one single offense has allowed the jurors to find the defendant Mr. Rodriguez guilty based upon an unconstitutional legally impermissible theory in light of United States v Naghani, 361 f3d 1255 (9th Cir. 2004).

This honorable District Court trial Judge Verdict form permitted the jury to convict the charged defendant on a legally impermissible theory when the trial judge asked the jurors did the conspiracy described in Count One involve 500 grams or more of cocaine. However, neither one of the statutes has an element as to the term "Involve" within their plain language of 21 U.S.C. 841(b) and 846. See, United States v Tejada, 2021 U.S. Dist. Lexis 8094 (9th Cir. 2021).

**It is a nonexistent crime to conspire to commit a crime that "Involve 500 grams of cocaine"- T**itle 21 U.S.C. 841(a) which makes it unlawful for "any person" knowingly or intentionally (1) to Manufacture, distribute, or dispense, or possess with intent to Manufacture, distribute, or dispense, a controlled substance. See, Terry v United States, 210 LED2D 108 (2021).

The elements of petitioner's offense are presented by two subsections of 21 U.S.C. § 841. Subsection (a) makes it unlawful to knowingly or intentionally possess with intent to distribute any controlled substance. Subsection (b) lists additional facts that, if proved, trigger penalties. Terry v United States, 210 L. Ed 2d 108 (2021).

**Reasons For granting Petition;**

**(1)...IT IS A NON-EXISTENT CRIME TO CONSPIRE TO COMMIT A CRIME UNDER TITLE 21 U.S.C. 841(b) THAT "INVOLVE" 500 GRAMS OR MORE OF COCAINE WITHOUT ACTUALLY PROVING POSSESSION OF ALLEGED DRUG QUANTITY - THE LEGALLY IMPERMISSIBLE THEORY OF**

3

## PROVING HOW DRUGS WERE "INVOLVED" IN A CONSPIRACY MANDATES AN UNCONSTITUTIONAL GUILTY VERDICT BASED UPON A NONEXISTENT OFFENSE

The crux of Mr. Rodriguez argument revolves around the **Jury Verdict Form** requesting the jurors to find Mr. Rodriguez Guilty for a "Non-Existent Federal Offense". See, United States v Haga, 821 F. 2d 1036 (5th Cir. 1987).

Accordingly, this trial courts Judge's jury Verdict Form permitted the jurors to find Mr. Rodriguez for conspiracy to commit a crime that has "involved" 500 grams of cocaine and not for the crime of "possessing" 500 grams or more of cocaine- A crime that the defendant was not charged for committing.

However, the grand jury had returned a federal indictment charging the defendant with the Crime of Conspiracy to Distribute and possess with intent to distribute cocaine- that connotes an actual violation of a federal crime created under title 21 U.S.C. 841. See, Terry v United States, 210 L. Ed 2d 108 (2021).

The phrase and the term "Involve" is not an element of neither statutory offense created under title 21 U.S.C. 841(b)(1)(b) nor Conspiracy under title 21 U.S.C 846. See, Welch v United States, 136 S. Ct. 1257, 194 L. Ed. 2d 387 (2016). Thus, the Separation of Powers prohibits a court from imposing criminal punishment beyond what congress meant to enact. It is only Congress, and not the courts, which can make conduct criminal.

Conduct can be prosecuted under the conspiracy offense to commit a violation of 21 U.S.C.S. § 841(b)(1)(B) for being in "possession" of 500 grams or more of cocaine penalty statute, only if the defendant's conduct plainly and unmistakably falls within the prosecution of the offense specific statute.

**21 U.S.C. 841(b)(1)(B) Criminalizes possession with intent to distribute and distribution of 500 or more grams of a substance or mixture containing cocaine. See, United States v Glen, 312 F.3d 58 (2nd Cir. 2002).** To make out a case of possession with intent to distribute a controlled substance under **21 U.S.C. § 841(b)(1)(B),** the government must show that the defendants knowingly and intentionally possessed, either actually or constructively, a controlled substance with the specific intent to distribute**. See, United States v Garcia- Carrasquillo, 483 F.3d 124 (1st Cir. 2007).**

In the case of Haga, Defendant was caught selling anabolic steroids and androgenic hormones to customers who did not have prescriptions, in contravention of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C.S. §§ 301-392. Defendant was indicted on charges that he conspired to commit offenses against the United States in violation of 18 U.S.C.S. § 371. Defendant was convicted of three misdemeanor substantive offenses and of a felony Conspiracy offense. Defendant appealed the Conspiracy conviction, contending that he was convicted of conspiring to defraud the United States rather that conspiring to commit offenses against the United States, and that he was not indicted or tried for conspiring to defraud the United States.

**The court reversed defendant's conviction because the indictment did not allege the offense of which he was convicted.**

**(2)…THE COURTS JURY VERDICT FORM REQUESTING THE JURORS TO RETURN A GUILTY VERDICT FOR A CRIME THAT "INVOLVES" 500 GRAMS OF COCAINE- DOES NOT SUPPORT A GUILTY VERDICT FOR A CRIME OF BEING IN POSSESSION OF 500 GRAMS OF COCAINE – THEREFORE, A CONVICTION FOR AN OFFENSE NOT ALLEGED IN THE INDICTMENT OR PRESENTED AT TRIAL OFFENDS THE MOST BASIC NOTIONS OF DUE PROCESS.**

The gravamen of Mr. Rodriguez claim stands upon the position that the trial court have convicted the defendant based upon an legally impermissible theory that has allowed the jurors

to convict him for a crime that was not charged within his federal indictment. See, Cole v Arkansas, 333 U.S. 196 (1948).

**("It is as much a violation of Due Process to send an accused to prison following conviction of a charge on which he was never tried as it would be to convict him upon a charge that was never made.")**

**As** here in the present case at hand, the Jurors were never asked to make a determination whether or not the government proved beyond a reasonable doubt that Mr. Rodriguez possessed the 500 grams of cocaine with the intent to distribute the controlled substance. See, United States v Mendoza-Maisonet, 962 F. 3d 1 (1st Cir. 2020).

**The government failed as a matter of law to prove that Mr. Rodriguez conspired to possess with intent to distribute 500 grams or more of cocaine when the jury Verdict Form has requested the jurors to determine:** "Did the conspiracy described in count one "involve" 500 grams or more of a mixture and substance containing a detectable amount of cocaine."

Proving to the Jury that Mr. Rodriguez conspired to commit a drug offense that has "Involved 500 grams or more cocaine" created an unconstitutional legally impermissible theory that one could be convicted for violating 21 U.S.C. 841(b)(1)((B) statutory penalty provision for having a conversation about narcotics alone.

**Therefore, this district court trial judge has gave the jurors more than several alternatives to find Mr. Rodriguez Guilty when the Judge instructed the jurors on the Verdict Form; did the conspiracy in count one "Involve" 500 grams of cocaine**

The First Circuit Court Appeals in the case of United States v Mckenney, 450 F. 3d 39 (2006) has made it clear that;

6

"In the context of 18 U.S.C. § 924(e)(2)(A)(ii), Congress used the term "involving" the manufacture, distribution, or possession of, with intent to distribute, a controlled substance. By using "involving, "congress captured more offenses than just those that "are in fact" the Manufacture, Distribution, or possession of, with intent to distribute a controlled substance.

As here in the present case at hand, by the district court trial judge instructing the jurors on; "Did the conspiracy described in Count One 'involve" 500 grams or more of a mixture and substance containing a detectable amount of cocaine? **<u>(This question to the jurors constituted as an unconstitutional legally impermissible theory that has allowed the jurors to find Mr. Rodriguez Guilty for conspiring to commit a Nonexistent crime).</u>**

Conspiracies "Involve" their objects, as that term is used in common parlance. See, United States v Mckenney, 450 F. 3d 39 (1st Cir. 2006).

Mckenney's argument effectively amounts to defining the statutory term "involves" as meaning "has as an element". Mckenney's first resort is to the dictionary and to what he says is the common meaning of the word "involve" or to "contain as a part". This narrow definition of "involve" is certainly one found in dictionaries. See, e. g. The American Heritage Dictionary 921 (4th ed. 2000) (to "contain as a part; include"); Webster's Third New International Dictionary 1191 (1993) (to "have within or as part of itself," "contain," or "include").

That is not, however, the only definition. To "Involve" also means "to relate closely," Webster's, supra, at 1191, or to "connect closely," American Heritage, supra, at 921. This broader definition is more consistent with the natural reading of the text." Dodd v United States, 545 U.S. 353, 125 S. Ct. 2478, 2482, 162 L. ed. 2d 343 (2005); See, also Id. (citing Webster's).

### (3)…IF THE GOVERNMENT DID NOT PROVE THAT THE DEFENDANTS POSSESSED THE 500 GRAMS OF COCAINE- IT IS THE JURORS JOB TO FIND ALL THE DEFENDANTS NOT GUILTY FOR THE CHARGE OF CONSPIRING TO POSSESS WITH INTENT TO DISTRIBUTE THE 500 GRAMS OF COCAINE.

As in the present case at hand, the District Court trial Judge should have instructed the jurors that if the government did not prove that all the defendants **possessed the 500 gram or more of cocaine** than the jurors must acquit the charged defendants. **See, United States v Freed, 401 U.S 601 (1971).**

The defendants were indicted for possession of and conspiracy to possess unregistered handgrenades in violation of the amended National Firearms Act, which makes it unlawful for any person to possess a firearm that has not been registered to him by the transferor thereof, and which requires that registration be made only by the transferor and that the application for the transfer and registration of the firearm to the transferee must be supported by the transferee's photograph and fingerprints.

In a prosecution for a violation of the provision of the **National Firearms Act** as amended **(26 USC § 5861(d))** Which makes it unlawful for any person to possess a firearm that has not been registered to him by his transferor, the question of entrapment is an issue for the trial, not for a motion to dismiss.

In a prosecution for possession of and conspiracy to possess unregistered handgrenades in violation of the National Firearms Act as amended **(26 USC § 5861(d)),** which makes it unlawful for any person to receive or possess a firearm which is not registered to him ect.

The Supreme Court made it clear that to convict the defendants for the crime of conspiracy to possess the unregistered handgrenades in violation of the National Firearms Act;

To convict appellees of possession of unregistered hand grenades, the government must prove three material elements: **(1) that appellees possessed certain items; (2) that the items possessed were hand grenades; and (3) that the hand grenades were not registered.**

In this Supreme Court case of United States v Freed. The government and the Court agree that the prosecutor must prove knowing possession of the items and also knowledge that the items possessed were hand grenades. **See, United States v Freed, 401 U.S. 601 (1971).**

**AS IN THE SUPREME COURT CASE OF UNITED STATES V FREED: TO PROVE A CONSPIRACY TO VIOLATE 21 U.S.C 841(b)(1)(B), WHICH MAKES IT UNLAWFUL FOR ANY PERSON TO POSSESS 500 GRAMS OR MORE OF A MIXTURE OR SUBSTANCE OF COCAINE- (THE OFFENSE OF ILLEGAL DRUG DISTRIBUTION).... CONTAINS THREE ESSENTIAL ELEMENTS:**

**The offense of illegal drug distribution. . . Contains three essential elements:**

To convict defendants of possession of 500 grams of cocaine, the government must prove three material elements: (1) that defendants possessed 500 grams of cocaine (2) that the drugs possessed were cocaine (3) that the defendants knowingly and intentionally possessed the drug unlawfully. **See, United States v Freed, 401 U.S. 601 (1971).**

**21 U.S.C. 841(b)(1)(B)** criminalizes possession with intent to distribute and distribution of **500 grams or more** of a mixture or substance containing cocaine. **See, Terry v United States, 210 LED2D 108 (2021).** Here, the highest court in the land made clear that: "**21 U.S.C.S. § 841(a)** makes it unlawful to knowingly or intentionally possess with intent to distribute any controlled substance. **21 U.S.C. § 841(b)** lists additional facts that, if proved, trigger penalties.

In the present case at hand Mr. Rodriguez asserts that the trial would have to acknowledge that there was absolutely no evidence that would conclusively show that defendants possessed any type of drugs whatsoever. Therefore, this court must set aside and

vacate defendants jury Verdict where there is no evidence on the record that would support their conviction for being in violation of title 21 U.S.C. 841(b) offense specific penalty provision.

**(4)...THE JURY BEING MISINFORMED; DID THE CONSPIRACY DESCRIBED IN COUNT ONE INVOVOLVE 500 GRAMS OF COCAINE - - THE TERM "INVOLVE" CONSTITUTES AS AN LEGALLY IMPERMISSIBLE THEORY THAT IS NOT SUPPORTED BY THE ELEMENTS OF EITHER STATUTE 21 U.S.C. 846 NOR 841—THE 500 GRAMS HAVE TO BE POSSESSED NOT INVOLVED...**

<u>Title 21 U.S.C. 841(b)(1)(B) criminalizes possession of 500 grams of cocaine with intent to distribute- And not an offense where 500 grams of cocaine were involve in the offense.</u> Terry v United States,

**The** crux of the charged defendant Mr. Rodriguez's argument stands upon the position that the trial Judge's Jury Verdict Form permitted the jurors to find him Guilty based upon an unconstitutional legally impermissible theory.

<u>**By the trial Judge informing the jurors: Did the Conspiracy described in Count one involve 500 grams or more of a mixture and substance containing a detectable amount of cocaine? (By the jurors finding beyond a reasonable doubt that count one conspiracy charge "Involve" 500 grams of cocaine does not establish that Mr. Rodriguez violated 841(b) possession of narcotics offense specific penalty provision**</u>.

The word involve means to have within or as part of itself or to require as a necessary accompaniment. Webster's Third New International Dictionary 1191 (2002); See also 8 Oxford English Dictionary 57 (2d ed. 1989) (defining "involve" as "to have within or as part of itself" or "to include") <u>**See, Shular v United States, 206 L. Ed. 2d 81 (2020), the Supreme Court made it clear that the term "Involve" means necessarily require; to include as a necessary circumstance, condition, or consequence. It is natural to say that an offense involves or requires certain conduct.**</u>

10

The word "involving" helps ACCA "capture more offenses than just those that 'are in fact" the manufacture, distribution, or possession of, with intent to distribute, a controlled substance"—*i. e.,* thanks to "Involving," the statue captures "offenses that are related to or connected with such conduct' as well. See, United States v Mckenney, 450 F.3d 39, 42, 43-44 (1st Cir. 2006).

**BY THE JUDGE REQUESTING THE JURORS TO MAKE A DETERMINATION DID COUNT ONE CONSPIRACY TO DISTRIBUTE "INVOLVE" 500 GRAMS OF COCAINE—THE WORD "INVOLVE" HAVE HELPED JURORS TO CAPTURE MORE OFFENSES TO FIND THE DEFENDANTS GUILTY FOR COMMITTING**

By this court instructing the jurors to determine that "500 grams of Cocaine were "Involve" and not possessed by the defendants has helped the jurors to return a Guilty Verdict on more than one theory and alternative means. See, Allied-Bruce Terminix C.O.S. v Dobson, 115 S. Ct. 834 (1995), Holding that; "The statute's language, background, and structure establish that § 2's "Involving Commerce" words are the functional equivalent of the phrase "Affecting Commerce," which normally signals Congress intent to exercise its commerce power to the full, see Russell v United States, 471 US 858, 859, 85 L. Ed 2d 829, 105 S. Ct. 2455. The linguistic permissibility of this interpretation is demonstrated by dictionary definitions in which "Involve" and "affect" mean the same thing.

**THIS COURT OF APPEALS AGREE'S WITH MR. RODRIGUEZ'S ARGUMENT THAT THE JURY VERDICT FORM PERMITTED THE JURORS TO CONVICT HIM ON A LEGALLY IMPERMISSIBLE THEORY BY INSTRUCTING THE JURORS TO FIND DID THE CONSPIRACY "INVOLE" 500 GRAMS OF COCAINE IN LIGHT OF 854 F. 3D 87 (1ST Cir. 2017).**

**As** we said many pages ago, ACCA pertinently defines "Violent felony" as a felony that "has as an element the use, attempted use, or threatened use of physical force." See, 18 U.S.C. § 924(e)(2)(B)(i) (emphases added). Consequently, ACCA relevantly defines "serious drug offense"

11

as crimes "Involving" . . . possession with intent to . . . distribute." Id. § 924€(2)(A)(ii) (emphases added).

The word "involves," we have held, "means something other than" – indeed, something "broader than" – "has an element." McKenney, 450 F.3d at 43 (emphasizing that, among other things, "to Involve". . . means "to relate closely," . . . or to "connect closely" (citations omitted). And because of the drafter's use of "involve" rather than "elements," a crime that does not have possession with intent to distribute as a formal element can qualify as a "serious drug offense" if it involves possession with intent to distribute. See id. (Discussing Brandon, 247 F.3d at 190.

Moreover, the word "Involving" itself suggests that the subsection should be read expensively, see, e. g., American Heritage College Dictionary 717 (3d ed. 1997) (defining "involve" as "to have as a necessary feature of consequence" (emphasis added)), as evidenced by by this court's decision in United States v James, 834 F. 2d 92 (4th Cir. 1987). In James, the question was whether a conviction for possession of cocaine with intent to distribute was a drug trafficking conviction under 18 U.S.C.A. § 924(c).

Although it has since been amended, section 924(c) at that time defined "drug trafficking crime" as any felony violation of federal law involving the distribution, manufacture, or importation of any controlled substance. " The court has held that: "Violations "Involving" the distribution, manufacture, or importation of controlled substances must be read as including more than merely the crimes of distribution, manufacturing, and importation themselves. Possession with intent to distribute is closely and necessarily "involved" with distribution.

Accordingly, the charged defendant asserts that the Judge's Verdict Form permitted the jurors to return a Guilty Verdict based upon an unconstitutional legally impermissible theory by

informing the jurors they could convict the charged defendants for a crime that involves 500 grams of cocaine.

**(6)...THE JURY BEING MISINFORMED; DID THE CONSPIRACY DESCRIBED IN COUNT ONE INVOLVE 500 GRAMS OR MORE OF A MIXTURE AND SUBSTANCE CONTAINING A DETECTABLE AMOUNT OF COCAINE CONNOTES AS AN LEGALLY IMPERMISSIBLE THEORY NOT SUPPORTED BY THE ELEMENTS OF 21 U.S.C. 841(B) SUBSTANTIVE OFFENSE SPECIFIC PENALTY PROVISION**

<u>**Judicial Notice:**</u>
**The statute must be interpreted in conjunction with the theory of the prosecution advanced at trial. United States v Hannah, 584 F. 2d 27 (3rd Cir. 1978)**

The court held that the government was precluded from advancing new theories on appeal and that the statute must be applied and interpreted under the theory advanced at trial.

The government cannot have it both ways. It cannot argue one theory before the jury at trial and upon appeal, in a period of post-trial reflection, suggest other theories. Hannah, Supra.

Here in the case at hand, the district court Judge allowed the jurors to convict Mr. Rodriguez based upon a legally impermissible theory that his conspiracy charged in count one "Involve" 500 grams or more of cocaine.

The legally impermissible theory presented by the government at trial and that was also used by the trial judge to permit the jurors' to find the defendants guilty violated the charged defendants of their constitutional rights to a trial by jury. See, United States v Naghani, 361 f3d 1255 (9th Cir. 2003).

Where a jury returns a general verdict that is potentially based on a theory that was legally impermissible or unconstitutional, the conviction cannot be sustained because "jurors, as non-lawyers, cannot be expected to eliminate the legally impermissible option." United States v Fubright, 105 F.3d 443, 451 (9th Cir. 1997) (emphasis omitted); See, Yates v United States, 354 U.S. 298, 312, 1 L. Ed. 2d 1356 (1957) (reversing conviction based on a general verdict that they

may have rested on legally inadequate ground- i. e., one barred by an expired statute of limitations).

Here, in the present case at hand, the government proved that Mr. Rodriguez's conspiracy offense created under 21 U.S.C. 846 and 841 in count one has "involved 500 grams of cocaine"— Therefore, the government has failed as a matter of law to substantiate a violation of title 21 U.S.C. 841(b)(1)(B) that only criminalizes offenders that possesses with intent to distribute 500 grams or more of cocaine. See, Terry v United States, 210 L. Ed 2d 108 (2021).

### Conclusion of law

Mr. Rodriguez prays that the district court would take judicial notice of all the facts that's raised within his motion to set aside the jury's verdict that was derived from a legally impermissible theory or in the alternative further deems whatsoever this honorable court feels just and appropriate.

Respectfully Submitted

_____