United States District Court
District Of Massachusetts

| | |
|---|---|
| United States of America ) | |
| ) | Case No. 19-cr-40025-TSH |
| v. ) | |
| ) | |
| Juan Rodriguez ) | |
| Defendant, | |

# DEFENDANT'S MOTION FOR ARTICULATION ON RULE § 29 MANDATE WITH PERMISSION OF THE COURT

Now into court comes the charged defendant Mr. Juan Rodriguez in the above style and cause motion to move the lower district court to please articulate with stated facts and case law authority as to why the honorable court has denied his constitutional rights to fair trial by jury in light of denying Defendant's Motion for Direct Judgment of Acquittal under rule 29.

In the case of United States v Umbach, 2016 U.S Dist. Lexis 32593 (11th Cir. 2016). However, at the close of the government's case-in-chief and again at the close of all the evidence, Umbach also moved the court for a new trial pursuant to Federal Rule of criminal Procedure 29.

Thereafter, Umbach filed a written motion to articulate his grounds for a new trial with permission of the court. (Doc. 189.) The Government responded to Umbach's Motion for New Trial and indicated that it was in receipt of Umbach's Motion prior to it being filed on the docket. (Doc. 187.) The Government requested that the Court consider its response in opposition previously filed. (Doc. 190) The court hereby grants the Government's request to reference its previously filed response in opposition and will consider Umbach's oral motion for Judgment of Acquittal and motion for new trial in turn.

## **Summary of Argument:**

The defendant trial counsel filed a Rule 29 Motion for Judgment of Acquittal at the end of trial raising pretrial issues that was raised before trial and that was not opposed by the government throughout any of their filings that were presented to this honorable court.

Before trial Mr. Rodriguez raised pretrial motions that was never addressed before this honorable court that would have exonerated Mr. Rodriguez if the court would have addressed defendant's pretrial motions in advanced before trial.

Failure to address Mr. Rodriguez's motion claiming beforehand that the government whole entire case relied upon an "Irrebuttable presumption" that Mr. Rodriguez possessed narcotics with the intent to distribute namely cocaine. This claim was overlooked and not addressed by the court throughout any of the court's filings nor as to the government as well.

Mr. Rodriguez raised numerous claims during pretrial that should have persuaded this Honorable Court to grant the charged defendant's Motion for Judgment of Acquittal rule 29 Motion.

The defendant still remains in jail based upon uncharged conduct that was not found by a federal grand jury nor trial jury.

The defendant has raised other issues that was to be considered as "Novel"- such issues as 21 U.S.C. 846 is bared from being prosecuted based upon solid grounds the statute not having a constitutional penalty provision that leads to the consequences of being punished for conspiracy only and not for drugs.

Government not responding to Mr. Rodriguez's pretrial motion establishing that 21 U.S.C. 862 bars the courts from prosecuting 846 conspiracy offense and imposing a "Possession of narcotics offense."

Furthermore, Mr. Rodriguez humbly request the court to take judicial notice all the facts and arguments raised within this petition to help prevent a further miscarriage of justice.

## Reasons for Granting Motion

**THIS COURT HAS FAILED AS A MATTER OF LAW TO RULE ON MR. RODRIGUEZ CLAIM THAT WAS FILED FOR THE SOLE PURPOSES OF HIS RULE 29 MOTION FOR JUDGMENT OF ACQUITAL: MOTION TO SET ASIDE AND VACATE GUILTY VERDICT THAT WAS BASED UPON AN UNCONSTITUTIONAL AND LEGALLY IMPERMISSIBLE THEORY BY MISINFORMING THE JURORS AS TO THE ACTUAL ELEMENTS OF THE OFFENSE SPECIFIC 841(B) PENALTY PROVISIONS IN LIGHT WELCH V UNITED STATES, 578 U.S. 120 (2016); AND HEDGPETH V PULIDO, 555 U.S. 57 (2008).**

The court failed as a matter of law to rule on defendant's Motion to Set Aside his conviction that was based upon solid grounds that the jury was instructed to find defendant Mr. Rodriguez guilty for a crime that was based upon an impermissible theory.

The crux of Mr. Rodriguez argument revolves around the **Jury Verdict Form** requesting the jurors to find Mr. Rodriguez Guilty for a "Non-Existent Federal Offense". See, United States v Haga, 821 F. 2d 1036 (5th Cir. 1987).

Accordingly, this trial courts Judge's jury Verdict Form permitted the jurors to find Mr. Rodriguez for conspiracy to commit a crime that has "involved" 500 grams of cocaine and not for the crime of "possessing" 500 grams or more of cocaine- A crime that the defendant was not charged for committing.

However, the grand jury had returned a federal indictment charging the defendant with the Crime of Conspiracy to Distribute and possess with intent to distribute cocaine- that

3

connotes an actual violation of a federal crime created under title 21 U.S.C. 841. See, Terry v United States, 210 L. Ed 2d 108 (2021).

The phrase and the term "Involve" is not an element of neither statutory offense created under title 21 U.S.C. 841(b)(1)(b) nor Conspiracy under title 21 U.S.C 846. See, Welch v United States, 136 S. Ct. 1257, 194 L. Ed. 2d 387 (2016). Thus, the Separation of Powers prohibits a court from imposing criminal punishment beyond what congress meant to enact. It is only Congress, and not the courts, which can make conduct criminal.

Conduct can be prosecuted under the conspiracy offense to commit a violation of 21 U.S.C.S. § 841(b)(1)(B) for being in "possession" of 500 grams or more of cocaine penalty statute, only if the defendant's conduct plainly and unmistakably falls within the prosecution of the offense specific statute.

**21 U.S.C. 841(b)(1)(B) Criminalizes possession with intent to distribute and distribution of 500 or more grams of a substance or mixture containing cocaine. See, United States v Glen, 312 F.3d 58 (2nd Cir. 2002).** To make out a case of possession with intent to distribute a controlled substance under **21 U.S.C. § 841(b)(1)(B),** the government must show that the defendants knowingly and intentionally possessed, either actually or constructively, a controlled substance with the specific intent to distribute. **See, United States v Garcia- Carrasquillo, 483 F.3d 124 (1st Cir. 2007).**

In the case of Haga, Defendant was caught selling anabolic steroids and androgenic hormones to customers who did not have prescriptions, in contravention of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C.S. §§ 301-392. Defendant was indicted on charges that he conspired to commit offenses against the United States in violation of 18 U.S.C.S. § 371.

Defendant was convicted of three misdemeanor substantive offenses and of a felony Conspiracy offense. Defendant appealed the Conspiracy conviction, contending that he was convicted of conspiring to defraud the United States rather that conspiring to commit offenses against the United States, and that he was not indicted or tried for conspiring to defraud the United States.

**<u>The court reversed defendant's conviction because the indictment did not allege the offense of which he was convicted.</u>**

## <u>Conclusion</u>

Defendant Rodriguez respectfully prays that the honorable court will exercise its judicial discretion to address all said issues and to state in writing the reasons as to why this honorable court has denied defendant's request for a federal rule 29 motion to set aside and vacate his conviction.

Respectfully Submitted