FILED IN CLERKS OFFICE

SEP 1 '22 PM12:04 USDC MA

| United States of America | ) | |
| --- | --- | --- |
| V. | ) | Case No. 19-cr-40025-TSH |
| Juan Rodriguez | ) | |
| defendant, | ) | |
| | ) | |

## MOTION TO COMPEL THE COURT TO RULE THE FEDERAL CONSPIRACY STATUTE 846 CONSTITUTES AN UNCONSTITUTIONAL CONTROLLED SUBSTANCE OFFENSE IN LIGHT OF NEW CONSTITUTIONAL RULE OF SUBSTANTIVE LAW IN UNITED STATES V TAYLOR, 142 S. CT. 2015 (JUNE 21, 2022); AND MELLOUILI V LYNCH, 575 U.S 798 (2015)

Defendant Juan Rodriguez respectfully moves to compel the court to Rule the federal conspiracy statute **21 U.S.C. § 846** as an Unconstitutional Controlled Substance offense in light of a New Constitutional rule of Substantive Law that must be applied Retroactive by the supreme Court in the cases of **United States v Taylor, 142 S. Ct 2015 (June 21, 2022); and Mellouili v Lynch, 575 U.S. 798 (2015).**

Supreme Court has held that: "Attempted Hobbs Act robbery does not qualify as a "Crime of Violence" under **§924(c)(3)(A)** because no element of the offense requires proof that the defendant use, attempted to use, or threatened to use force.

As here in the present case at hand Mr. Rodriguez parallel the same exact argument and applies it now to the federal drug statute **21 U.S.C § 846** – The court must now apply *Taylor's rationale to 846 and hold that:*

*21 U.S.C. 846* Conspiracy Act does not qualify as "A Scheduled Controlled Substance Offense" under **§ 924(c)(3)(A)** because no element of the offense requires proof that defendant Possessed with intent to Distribute 500 grams or more of cocaine.

The question raised here is whether the federal conspiracy statute created under **21 U.S.C. 846** can Mr. Rodriguez still be prosecuted, convicted, and sentenced for a Controlled Substance Offence when the conspiracy statute does not possess conduct elements of any of the listed controlled substances defined within **21 U.S.C. 802** that require the government to prove such elements?

Now in accordance to the New Substantive Rule of Law in the *Taylor* case- This court must hold that the federal conspiracy statute **21 U.S.C. § 846** is not a controlled substance offense because the 846 conspiracy statute does not possess the necessary elements that is required to cover the actual conduct of any of the listed federal scheduled controlled substances. ***See, United States v Taylor, 142 S. CT. 2015 (JUNE 21, 2022);*** and ***Mellouili v Lynch, 575 U.S. 798 (2015).***

**Summary of argument;**

According to the Highest Court in the Land, the Supreme Court holds that: A precedent of the United States Supreme Court must be followed by the federal courts no matter how misguided the judges of those courts may think it to be. ***Hutto v Davis, 102 S. Ct. 703 (1982).***

As a matter of first impression Mr. Rodriguez argues that this honorable court cannot keep on trying to dodge the oncoming train of events being handed down from the highest court of the land, such as the New Constitutional Substantive Rule of law decisions of ***United States v Taylor, 142 S. Ct. 2015 (June 21, 2021); and Mellouili v Lynch, 575 U.S. 798 (2015).***

The combinations of both decisions mandated that title **21 U.S.C. § 846** statute of conviction can no longer qualify as an actual federal scheduled Controlled Substance offense that satisfy the conduct elements of **21 U.S.C. § 801, 802, and 802(44).**

Thus, this court should apply the New Binding Supreme Court rulings and apply them both retroactive to Mr. Rodriguez's at hand to help to prevent a further miscarriage of justice.

Substantive Rules of Law must be applied and made retroactive to all cases before any federal court. ***See, Tyler v Cain, 533 US 656 (2001). Moreover, Under Teague v Lane (1989) 489 US 288, 103 L. Ed 2d 334, 109 S. Ct. 1060,*** a new rule can be retroactive to cases on collateral review if, and only if, the new rule falls within one of the two narrow exceptions to a general requirement of nonretroactivity; one such Teague exceptions is for watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.

Herein, the present case at hand Mr. Rodriguez now argues as a matter of first impression that in light of the Supreme Court decision in Taylor, this court must now honor and recognize that title ***21 U.S.C. § 846*** does not qualify as an Scheduled Controlled Substance offense within the meaning of ***21 U.S.C. § 801, and 802***.

No element of 846 conspiracy statute of conviction requires proof that the defendant "possessed with intent to distribute 500 grams or more of cocaine. Just as the Supreme Court has stated in Taylor- Simply put, no elements of attempted Hobbs Act robbery requires proof that the defendant used, attempted to use, or threatened to use force.

Based upon the above Supreme Court new substantive rule of constitutional law Mr. Rodriguez charges under ***846*** conspiracy statute cannot qualify as a federal Scheduled Controlled Substance offense.

**Reasons for Granting Motion;**

## Issue Number one

**THIS COURT MUST RECOGNIZE THAT 21 U.S.C. § 846 CONSPIRACY OFFENSE IS JUST A CRIME OF INTENT- BUT AN INTENTION IS JUST THAT, NO MORE—BASED UPON THIS REASON ALONE "TAYLOR AND MELLOUILI" MANDATES THAT 846 CONSPIRACY OFFENSE DOES NOT QUALIFY AS A FEDERAL SCHEDULED CONTROLLED SUBSTANCE OFFENSE**

To determine whether *21 U.S.C. § 846* qualifies as a federal Scheduled Controlled Substance offense under *846-* The Supreme Court has mandated that we all must look at the statute of conviction elements.

Attempt and Conspiracy statute 21 U.S.C. § 846 does not require proof of any of the listed federal Scheduled Controlled Substances as defined in [§ 802]' The majority holds that 846 cannot be a controlled substance offense if 846 statute does not criminalizes any of the listed federal scheduled controlled substances that is defined within 802. Mellouili v Lynch, 575 US 798 (2015)

In Mellouili v Lynch, 575 U.S. 798 (20150, for example, the Court held that a Kansas drug statute was overbroad on its face without requiring the petitioner to identify cases in which Kansas had actually prosecuted possession of drugs not listed in the federal schedules. See, 575 U.S. at 798-813. Similarity, in Mathis v United States, 136 S. Ct. 2243 (2016), the court determined that an Iowa Burglary was overbroad based solely on its text, without reference to any supporting state case law demonstrating that the statute had actually been enforced in an overbroad manner.

The Second Circuit Court of Appeals in the case of *Garcia v Wilkinson, 847 Fed. Appx. 50 (2nd Cir. 2021)* has acknowledged that; ("The categorical approach historically taken in determining whether a state conviction renders an alien removable . . . looks to the statutory definition of the offense of conviction . . .") Citing *Mellouili v Lynch, 575 U.S. 798 (2015).*

The Supreme Court made it perfectly clear that if the courts are looking at the Statute of conviction, and not the conduct, then the statute must cover and define the elements of the federal Scheduled Controlled Substances in order for that offense to considered as a federal Controlled Substance offense. **See, United State v Taylor, 142 S. Ct. 2015 (June 21, 2021); and Mellouili v Lynch, 575 U.S. 798 (2015).**

*Cf. Mellouli, 135 S. Ct. at 1986* (noting that the categorical appropriate where the "conviction, not, conduct, is the trigger for immigration consequences").

For the purposes of this section *18 U.S.C. § 924(c),* the term "drug trafficking crime" means any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 et seq.), the Controlled Substances Import and Export Act **(21 U.S.C. § 951 et seq.), chapter 705 of title 46 [46 USCS §§ 70501 et esq].**

In *United States v Taylor, 142 S. Ct. 2015 (June 21, 2022),* has held that; "Respondent may not have been lawfully convicted and sentenced under *18 U.S.C. § 924(c)* because *§ 924(c)(3)(A)* asked whether the defendant did commit a crime of violence, which it defined as a felony that included as an element the use, attempted use, or threatened use of force, and no element of attempted Hobbs Act robbery required such proof.

### Issue Number Two

**BECAUSE THE ELEMENTS OF 21 USC § 846 "CONSPIRACY ACT" DO NOT INVARIABLY REQUIRE THE POSSESSION WITH INTENT TO DISTRIBUTE 500 GRAMS OR MORE OF COCAINE, THE OFFENSE DOES NOT QUALIFY AS AN SCHEDULED CONTROLLED SUBSTANCE OFFENSE AS DEFINED WITHIN 21 U.S.C. § 801, AND 802 IN LIGHT OF UNITED STATES V TAYLOR, 142 S. CT. 2015 (2022); AND MELLOULI V LYNCH, 135 S. CT. 798 (2015).**

The crux of Mr. Rodriguez's argument revolves around titles 21 U.S.C. § 846 and 21 U.S.C. 841(a)(1) not qualifying as an actual federal Controlled Substance offense because neither

statutory offense includes elements that involves a listed federal controlled substance as being elements of neither statutory offense.

To determine whether an offense constitutes a "Controlled Substance offense" under the 841(b)(1)(A) and (b)(1)(B) penalty provision, courts must employ the categorical approach.

Pursuant to the categorical approach, a court focuses on the elements of the prior offense rather than the conduct underlying the conviction. The appellate court and district court must ask whether the elements of the underlying offense necessarily require the "Possession with intent to distribute 500 grams or more of cocaine. See, 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1).

When we look to the language of title 21 U.S.C. § 846 the court must acknowledge that the government is not required to prove any one of the listed federal scheduled controlled substances that criminalized under the statutory offense of 846 crime of conspiracy.

However, the Supreme Court has mandated that if the "Conspiracy Statute 846 does not list any of the Federal Controlled Substances that is scheduled within the definition 21 U.S.C. § 802 then that statute of conviction does not qualify a federal controlled substance offense in light of United States v Taylor, 142 S. Ct. 2015 (2022).

### (3)…UNDER THE CONTROLLED SUBSTANCE ACT TITLE 21 U.S.C. § 846 CRIME OF AN AGREEMENT IS NOT A "FELONY DRUG OFFENSE" WITHIN THE MEANING OF 21 U.S.C. § 802(44)

**Under the microscope of 21 U.S.C. § 802(44) conclusively mandates that 21 U.S.C. § 846 crime of agreement does not qualify as a "Felony Drug offense" see, burgess v United States, 553 U.S. 124 (2008).**

**A person may violate the federal drug conspiracy statute 21 USC § 846 without ever possessing, distributing, or using a controlled substance and without having any involvement whatsoever with an actual narcotic drug. See, Shabani, 513 US 10 (1994).**

The better reading of 21 U.S.C. § 802(44) is that offenses involving "No Actual Controlled Substances whatsoever" are not offenses that prohibit or restrict conduct relating to narcotic drugs.

**21 U.S.C. 846 crime of an "agreement itself" defines not a "Felony Drug offense" under 21 U.S.C. § 802(44). The federal drug conspiracy offense is not an offense that is in relations to narcotic drugs within the meaning of § 802(44) because no actual narcotic drugs are/were involved.**

**An offense involving only an "Agreement to Distribute Narcotics" is not an offense that prohibits or restricts conduct relating to narcotic drugs within the meaning of 21 U.S.C. §802(44)**

Because we have consistently held that the common law understanding of conspiracy does not make the doing of any act other than the act of conspiring a condition of liability. **United States v Shabani, 513 U.S. 10 (1994)**

In light of **Shabani's** substantive rule of law statutory interpretation of title **21 U.S.C. 846** conclusively establishes that the crime of conspiring does not involve actual narcotics to violate the conspiracy statute itself—**21 U.S.C. 846** does not specify no elements that connotes drug trafficking conduct, such elements as manufacturing, distributing, or dispensing a controlled substance.

**21 U.S.C. 846** does not specify drugs that is punishable for more than one year under any law of the United States or of state or foreign country. Therefore, the act of conspiring is not a felony drug trafficking offense in light of Section **§ 802(44). See, Unite States v Brown, 598 F.3d 1013 (8th Cir. 2009); and Burgess v United States, 553 U.S. 124 (2008).**



In Brown, the Eight Circuit Court of Appeals has mandated that; "Defendant was not subject to mandatory life imprisonment under **21 U.S.C. 841(b)(1)(A),** as his convictions under **Iowa Code § 204. 401 (recodified at Iowa Code § 124. 401)** for delivery of a simulated controlled substance involved no actual drugs and were therefore not "Felony Drug offenses" under **21 U.S.C. § 802(44).**

As a rule, a definition declares what a term "means" excludes any meaning that is not stated. Second, the term "felony" is commonly defined to mean a crime punishable by imprisonment for more than one year**. Section 802(44)'s** definition of "felony drug offense" as a offense punishable by imprisonment for more than one year, in short, leaves no blank to be filled by **§ 802(13)** or any other definition of "felony".

The gravamen of Mr. Rodriguez substantive argument stands upon solid grounds that the federal drug conspiracy statute that does not involve real actual drugs within the definition of its very own offense terms mandates that **21 U.S.C. § 846** crime of conspiring does not qualify as a "Felony Drug offense" within the meaning of **21 U.S.C. § 802(44). See, United States v Brown, 598 f3d 1013 (8th Cir. 2009); and Burgess V United States, 553 U.S. 124 (2008).**

"Felony drug offense" was defined exclusively by **21 U.S.C. § 802(44)** of the **CSA** as a drug offense that was punishable by imprisonment for more than one year, and that definition did not incorporate the definition of "felony" under **§ 802(13)** as a federal or state offense classified by applicable federal or state law as a felony.

Therefore, the federal drug trafficking conspiracy statute does not qualify as a "Felony Drug offense" even though the statute 846 does not have a penalty provision at all. Moreover,

the federal drug conspiracy statute does not involve "narcotics". **See, United States v Shabani, 513 U.S. 10 (1994).**

Congress declared in the Controlled Substances Act (CSA) that the illegal importation, manufacture, distribution, and possession and improper use of controlled substances have a substantial and detrimental effect on the health and general welfare on the American people, 21 U.S.C. § 801(2), and found that federal control over domestic and foreign traffic of controlled substances (i. e., actual controlled substances that bear an unauthorized trademark, 21 u. S. C. 802(7)), never has Congress regulated simulated or look-alike controlled substances. A reasonable legislator contemplating a sentence enhancement based on prior offenses "relating to narcotic drugs, in a statute directed exclusively to regulating the traffic of actual narcotic drugs, seems likely to have understood that the class of offenses triggering the enhancement likewise would involve actual narcotic drugs.

## (4)...THE CONTROLLED SUBSTANCE ACT DOES NOT CRIMINALIZE 21 USC § 846 INCHOATE OFFENSE CONDUCT ----THEREFORE, THE 846 INCHOATE OFFENSE CONDUCT DEFINITELY IS NOT MADE CRIMINAL UNDER THE "CONTROLLED SUBSTANCE ACT--

The Crime of Conspiracy, which does not require anything more than an 'Agreement to commit" a crime, is not a drug trafficking crime of Manufacturing, Distributing, and Dispensing or possession to Manufacture, Distribute, or Dispensing. See, McFadden v United States, 576 U.S. 186 (2015).

In McFadden's case, the Supreme Court mandated that: "The Controlled Substances Act (CSA) makes it unlawful for any person knowingly or intentionally to Manufacture, Distribute, or Dispense, or possess with intent to Manufacture, Distribute, or Dispense, a controlled substance.

21 U.S.C. § 841(a)(1). Under the most natural reading of this provision, the word "knowingly" applies not just to the statute's verbs but also to the object of those verbs—"a controlled substance. "When used as an indefinite article, "a means some undetermined or unspecified particular. And the CSA defines "Controlled substance" as a drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V. 21 U.S.C.S. § 802(6). The ordinary meaning of §841(a)(1) thus requires a defendant to know only that the substance he is dealing with is some unspecified substance listed on the federal drug schedules.

The Second Circuit Court of Appeals has made it clear; "The Controlled Substances Act' (CSA) creates a comprehensive, closed regulatory regime criminalizing the unauthorized Manufacture, Distribution, Dispensing, and Possession of substances classified in any of the CSA's five schedules.

## Conclusion

Binding Supreme Court precedents Taylor and Mellouli mandates that the federal inchoate offense created under 21 U.S.C. 846 does not qualify a federal controlled substance statutory offense.

Respectfully Submitted